EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    |                 |
| ------------------------- | --------------- |
|                           | 2016 TSPR 156   |
| Irvin E. Prado Galarza    | 195 DPR ____    |
|                           |                 |

Número del Caso: CP-2011-20


Fecha: 29 de junio de 2016


Abogado del querellado:

        Lcdo. Osvaldo Toledo Martínez


Oficina del Procurador General:

        Lcdo. Luis R. Román Negrón
        Procurador General

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcda. Yaizamarie Lugo Fontanez
        Procuradora General Auxiliar


Comisionada Especial:

        Hon. Eliadís Orsini Zayas


Materia: La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Irvin E. Prado Galarza                    CP-2011-20

*PER CURIAM*

En San Juan, Puerto Rico, a 29 de junio de 2016.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para sancionar a un miembro de la profesión legal por incumplir con sus deberes hacia su cliente. Los hechos que dieron inicio al proceso disciplinario ante nuestra consideración son los siguientes.

I.

El 1 de febrero de 2010, la Sra. Madeline Gotay Marcano (señora Gotay Marcano o quejosa) presentó una queja en contra de los licenciados Arturo L.

Dávila Toro e Irvin E. Prado Galarza (querellado).[1] En su escrito, explicó que es la madre de Juan Carlos Moraza Gotay y de Freddie Fraticcelli Gotay, quienes fueron acusados por infracciones a los Artículos 106 y 122 del Código Penal de 2004, 33 LPRA secs. 4734 y 4750, así como por violaciones a los Artículos 5.04, 5.05 y 5.15 de la Ley de Armas de Puerto Rico, según enmendada, 25 LPRA secs. 458c, 458d y 458n. Adujo que contrató a los licenciados Dávila Toro y Prado Galarza para que representaran a los coacusados e indicó que pactó honorarios de abogado ascendentes a setenta mil ($70,000.00) dólares por la representación de ambos.[2] Explicó que los hermanos fueron declarados culpables y sentenciados a prisión tras celebrarse el juicio y arguyó que el resultado adverso se debió a la representación insuficiente provista por los querellados.[3] Asimismo, la señora Gotay Marcano alegó que los licenciados violentaron los Cánones del Código de Ética Profesional, infra, pues abandonaron el procedimiento apelativo a pesar de haber recibido tres mil ($3,000.00) dólares por sus servicios.[4]

---

[1] Según surge del expediente, la queja en contra del licenciado Dávila Toro fue archivada administrativamente, pues éste había sido previamente separado de la profesión. *Informe de la Comisionada Especial Eliadís Orsini Zayas*, págs. 1-2.

[2] El licenciado Dávila Toro defendió al señor Moraza Gotay, mientras que el licenciado Prado Galarza representó al señor Fraticcelli Gotay.

[3] *Queja por Violación al Código de Ética Profesional de los Abogados*, págs. 2-3.

[4] En específico, la señora Gotay Marcano sostuvo que entregó mil ($1,000.00) dólares al licenciado Dávila Toro y dos mil ($2,000.00) dólares al licenciado Prado Galarza para la tramitación de las respectivas apelaciones. *Queja por Violación al Código de Ética Profesional de los Abogados*, pág. 2.

Además, sostuvo que los letrados no atendían sus llamadas y que nunca estaban disponibles para discutir el trámite que les fue encomendado. En consecuencia, solicitó la devolución de los setenta y tres mil ($73,000.00) dólares que pagó en concepto de honorarios de abogado y la imposición de sanciones disciplinarias a los licenciados por su incumplimiento con el Código de Ética Profesional, infra.

El 18 de noviembre de 2010, el licenciado Prado Galarza presentó su contestación a la queja. Explicó que la tramitación del litigio tomó aproximadamente un año y que cobró treinta y cinco mil ($35,000.00) dólares por sus servicios. Indicó que a cada coacusado le imputaron un total de once (11) cargos, entre ellos cargos por asesinato en primer grado, tentativa de asesinato y múltiples violaciones a la Ley de Armas de Puerto Rico, 25 LPRA sec. 455 et seq., y sostuvo que durante la tramitación del pleito viajó a Mayagüez todos los días, pues participó en todas las etapas del procedimiento, excepto en la determinación de causa. Añadió que el jurado declaró culpable a su cliente por asesinato en segundo grado, por una tentativa de asesinato y por violaciones a los Artículos 5.04 y 5.15 de la Ley de Armas de Puerto Rico, supra, y que éste fue sentenciado a más de cien (100) años de reclusión.

Explicó que, en enero de 2009, presentó una apelación a favor de su cliente en la cual impugnó los agravantes impuestos por el tribunal y sostuvo que su apelación se consolidó con la apelación presentada en el caso de Moraza Gotay por cuestiones de economía procesal. Además, expresó que las dilaciones en la presentación de la transcripción no fueron atribuibles a sus actuaciones, pues fue la quejosa quien se encargó de su preparación. Asimismo, sostuvo que hubo un problema de comunicación a nivel apelativo porque el correo de Estados Unidos, por equivocación, dejó de llevar correspondencia a su oficina cuando alguien de la administración le informó que estaba cerrada. Más aún, explicó que si en ocasiones no hablaba con la quejosa era porque no había nada que informar.

Por último, expresó que decidieron unir a la Lcda. Michelle González Pereira a la representación legal de los apelantes para poder cumplir con la extensa carga laboral que los aquejaba. Indicó que la quejosa consintió a la intervención de la licenciada González Pereira y que fue ésta quien redactó el alegato de las partes. Además, añadió que su gestión fue exitosa pues el Tribunal de Apelaciones eliminó los agravantes impuestos, según fue solicitado.

La quejosa presentó una réplica a la contestación del querellado y explicó que la comunicación con el licenciado cesó una vez éste recibió el pago por el trámite ante el

Tribunal de Apelaciones. Relató que conoció que el tribunal estaba solicitando una transcripción de la prueba cuando acudió al mismo para verificar el estado de los procedimientos. Indicó que el querellado nunca le informó sobre la necesidad de presentar una transcripción y sostuvo que fue ella quien efectuó las gestiones necesarias para cumplir con dicha orden.

Además, expresó que, al no lograr comunicarse con los letrados, contactó a la licenciada González Pereira, quien entonces hizo el acercamiento a los querellados para unirse a la representación legal de los apelantes. Explicó que fue la licenciada González Pereira quien preparó el alegato y continuó con el trámite apelativo y sostuvo que la negligencia de los querellados le ocasionó gastos adicionales, pues pagó cinco mil ($5,000.00) dólares a la licenciada González Pereira en concepto de honorarios profesionales.

Posteriormente, referimos la queja a la Oficina de la Procuradora General para investigación conforme a lo dispuesto en la Regla 14(d) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. El 13 de abril de 2011, la Procuradora General rindió su informe. En lo pertinente, reseñó el siguiente trámite apelativo.

El 26 de febrero de 2009, el Tribunal de Apelaciones notificó una resolución concediéndole un término de treinta (30) días a la parte apelante para que gestionara

la regrabación de los procedimientos ante el Tribunal de Primera Instancia y preparara una transcripción privada. La resolución fue notificada al querellado a la dirección que obraba en el expediente de la apelación.

El 22 de abril de 2009, la señora Gotay Marcano presentó un escrito titulado *Moción Informativa Urgente* en el que informó que el licenciado Prado Galarza no cumplió con la resolución del foro intermedio y expresó que, a pesar de sus gestiones, no pudo contactar al letrado. Además, solicitó al tribunal la oportunidad de comunicarse con el querellado y expresó que, de ser necesario, gestionaría la regrabación de la vista.

El 20 de mayo de 2009, el Tribunal de Apelaciones notificó una resolución concediéndole al apelante un término de quince (15) días para cumplir con la resolución previamente notificada y para mostrar causa por la cual no debían imponérsele sanciones por incumplir con las órdenes del tribunal. La resolución se le notificó al querellado a la dirección de récord. No obstante, la misma fue devuelta por el correo.

El 23 de julio de 2009, el tribunal notificó nuevamente la resolución devuelta al querellado. Esta vez, la resolución se notificó a la dirección de récord del letrado y a su dirección en el Apartado 9838 en Caguas.

El 2 de junio de 2009, la señora Gotay Marcano presentó otro escrito titulado *Moción Informativa Urgente*

en el cual expresó que aún no había logrado comunicarse con el licenciado. Además, indicó que acudió al Tribunal de Mayagüez para verificar los discos compactos de la regrabación del juicio y solicitó un término adicional para gestionar la transcripción de la vista.

El 8 de junio de 2009, el Tribunal de Apelaciones notificó una tercera resolución, en la cual le concedió al licenciado Prado Galarza quince (15) días para que reaccionara a la moción informativa presentada por la quejosa. Nuevamente, la notificación de esta resolución fue devuelta por el correo, por lo que se volvió a notificar al licenciado a la dirección de su apartado en Caguas.

El 8 de julio de 2009, el foro intermedio notificó una resolución en la que impuso al letrado una sanción de doscientos ($200.00) dólares por su reiterado incumplimiento con las órdenes del tribunal y le concedió un término de diez (10) días para que reaccionase a la moción informativa previamente presentada por la quejosa. Esta resolución se notificó al apartado del querellado en Caguas.

El 6 de agosto de 2009, el licenciado Prado Galarza presentó una moción en la cual sostuvo que no fue su intención desacatar las órdenes del tribunal, pero que por error de la administración del edificio, se le había notificado al correo que su oficina había sido desalojada.

Así, indicó que no recibió ninguna de las órdenes del tribunal durante varios meses y solicitó la reconsideración de la sanción impuesta. Además, indicó que la trascripción del juicio estaba prácticamente terminada.

El 19 de agosto de 2009, el tribunal le concedió al querellado cinco (5) días para que presentara la transcripción de la prueba. Esta resolución fue notificada a la dirección de récord, la cual fue confirmada por el letrado como su dirección postal. Sin embargo, el querellado incumplió nuevamente con el término provisto. En atención a ello, el 10 de septiembre de 2009, el foro intermedio notificó una resolución concediéndole cinco (5) días al letrado para que mostrara causa por la cual no debería ser referido a este Tribunal.

El 15 de septiembre de 2009, el querellado presentó una *Moción Informativa* en la cual explicó que la transcripción de la vista se demoró y solicitó un término adicional de treinta (30) días para culminarla. El 2 de octubre de 2009 compareció la quejosa y sometió la transcripción solicitada.

Luego de varios trámites procesales, el 13 de abril de 2010, el Tribunal de Apelaciones notificó una resolución concediéndole a la parte apelante un término de treinta (30) días para presentar su alegato.

El 23 de abril de 2010, la licenciada González Pereira presentó una *Moción Asumiendo Representación*

*Legal*. Expresó que los apelantes contrataron sus servicios e indicó que se comunicó con los licenciados Dávila Toro y Prado Galarza y que éstos no tuvieron reparo con que se uniera a la representación legal. Así las cosas, el Tribunal notificó una resolución declarando con lugar la moción presentada por la licenciada González Pereira.

El 10 de mayo de 2010, la licenciada González Pereira solicitó un término adicional de diez (10) días para presentar el alegato. El término le fue concedido a la letrada mediante resolución notificada el 19 de mayo de 2010. La notificación de esta Resolución al licenciado Prado Galarza llegó devuelta por el correo. Finalmente, los apelantes presentaron su alegato el 1 de junio de 2010 a través de la licenciada González Pereira.

Tras examinar los documentos ante su consideración, la Oficina de la Procuradora General concluyó que el querellado pudo haber incurrido en violación a los Cánones 12, 18, 19, 20, 35 y 38 del Código de Ética Profesional, infra, y nos solicitó que ordenáramos el inicio de un procedimiento disciplinario.

Luego de evaluar el informe, ordenamos que se presentara querella en contra del licenciado Prado Galarza. En cumplimiento con nuestra orden, la Oficina de la Procuradora General presentó la querella de epígrafe y le imputó al querellado: (1) violentar el Canon 12 por causar dilaciones indebidas en la tramitación de la

apelación; (2) infringir el Canon 18 por no defender diligentemente los intereses de su cliente; (3) violentar el Canon 19 por no mantener a su cliente informado durante la tramitación del litigio; (4) quebrantar el Canon 20 al no reembolsar a la querellante los honorarios adelantados por una gestión profesional no realizada; (5) infringir el Canon 35 por no ser sincero y honrado hacia el Tribunal; y (6) violentar el Canon 38 por no esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de la profesión, así como por haber incurrido en conducta impropia.

En consecuencia, el 5 de enero de 2012, diligenciamos personalmente al licenciado Prado Galarza una resolución concediéndole un término de quince (15) días para contestar la querella.

El 19 de enero de 2012, el querellado nos solicitó un término adicional de treinta (30) días para presentar su contestación. Tras evaluar la solicitud del letrado, el 8 de febrero de 2012, le notificamos una resolución concediéndole el término adicional solicitado. Sin embargo, el licenciado Prado Galarza incumplió con el término provisto.

Así las cosas, procedimos a nombrar a una Comisionada Especial. Tras recibir su designación, la Comisionada Especial señaló la vista inicial para el 21 de agosto de 2013. Sin embargo, dicha vista fue suspendida, pues la

Oficina de la Procuradora General solicitó enmendar la querella.

Tras evaluar dicha petición, el 20 de agosto de 2013, paralizamos el procedimiento disciplinario y autorizamos la presentación de la querella enmendada. Asimismo, le concedimos al querellado un término final e improrrogable de cinco (5) días para que presentase su contestación a la querella. No obstante, el licenciado Prado Galarza presentó su contestación el 30 de agosto de 2013.

Así las cosas, la Oficina de la Procuradora General presentó una querella enmendada en la cual añadió un séptimo cargo imputándole al querellado infringir los Cánones 9 y 12 del Código de Ética Profesional por desatender las órdenes de este Tribunal. Según explicó, la querella de epígrafe se presentó el 27 de diciembre de 2011 y el querellado no presentó su contestación hasta el 30 de agosto de 2013, lo cual conllevó la dilación innecesaria del procedimiento y configuró una violación a estos Cánones.

Tras evaluar la prueba ante su consideración, la Comisionada Especial recomendó el archivo de la querella. Explicó que el licenciado Prado Galarza no fue contratado por la señora Gotay Marcano, sino que ésta contrató al licenciado Dávila Toro, quien a su vez unió al querellado a la defensa. En consecuencia, sostuvo que las comunicaciones con la quejosa se efectuaron a través del

licenciado Dávila Toro por lo que el querellado nunca tuvo acceso directo a su cliente. Por tanto, concluyó que el licenciado Prado Galarza fue participe de una relación de servicios profesionales muy peculiar, la cual le imposibilitó desempeñar sus funciones a cabalidad. Ahora bien, la Comisionada recomendó ordenar la devolución de mil ($1,000) dólares, pues estimó que el querellado no perfeccionó el recurso de apelación.

Inconforme, la Oficina de la Procuradora General compareció mediante un escrito titulado *Reacción al Informe de la Comisionada Especial* y expresó que los cargos imputados al querellado se probaron con prueba clara, robusta y convincente.

Con el beneficio del Informe de la Comisionada Especial, así como con las comparecencias de las partes, procedemos a determinar si el querellado incurrió en las faltas imputadas.

II.

Los abogados ejercen una función revestida del más alto interés público que genera obligaciones y responsabilidades con sus clientes y con el tribunal. In re Pujol Thompson, 171 DPR 683, 688 (2007). Los Cánones de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión, de modo que se promueva un comportamiento ejemplar por parte de

los letrados en el desempeño de sus funciones. In re Hernández González, 188 DPR 721, 727 (2013).

El Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX, impone al abogado el deber de tramitar las causas que le son encomendadas con puntualidad y diligencia, lo cual conlleva desplegar todas las diligencias necesarias para asegurar que no se causen dilaciones indebidas. In re Nieves Nieves, 181 DPR 25, 35 (2011). El abogado está obligado a cumplir con este deber en todas las etapas de los procedimientos. Íd., pág. 36. Así, la continua desobediencia a las órdenes del tribunal configura una infracción al Canon 12 y expone al letrado a una acción disciplinaria. Íd.; In re Collazo I, 159 DPR 141, 148 (2003).

Por su parte, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todo miembro de la profesión defienda los intereses de su cliente de una forma capaz y diligente. In re Rivera Ramos, 178 DPR 651, 664 (2010). En lo pertinente, el Canon 18 dispone que:

> [s]erá impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. 4 LPRA Ap. IX, C. 18.

Por tanto, en reiteradas ocasiones hemos resuelto que aquellas actuaciones negligentes que puedan conllevar, o que en efecto conlleven, la desestimación o el archivo de un caso configuran una violación al Canon 18, supra. In re Amill Acosta, 181 DPR 934, 939-940 (2011); In re Pujol Thompson, supra, pág. 689.

El Canon 19 de Ética Profesional, 4 LPRA Ap. IX, exige que el abogado mantenga a su cliente informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. In re Mulero Fernández, 174 DPR 18, 30 (2008). Por tanto, un abogado contraviene este Canon cuando no atiende los reclamos de información de su cliente o cuando le niega información del pleito. Íd., pág. 31. Cabe resaltar que el deber de informar es unidireccional. Es decir, el deber "es del abogado para con el cliente, mas no del cliente para con el abogado". In re Muñoz Morell, 182 DPR 738, 753 (2011).

De otra parte, los Cánones 20 y 23 del Código de Ética Profesional, 4 LPRA Ap. IX, obligan al abogado a reembolsar cualquier cantidad que haya sido pagada por servicios profesionales que no ha prestado. In re Pestaña Segovia, 192 DPR 485, 495 (2015). Ello pues, "[c]onstituye una grave falta que el abogado retenga una suma de dinero que le adelantó el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió". In re Pereira Esteves, 131 DPR 515, 523 (1992).

Por otro lado, el Canon 35, 4 LPRA Ap. IX, impone a los miembros de la profesión legal la obligación de conducirse con sinceridad y honradez ante los tribunales, con sus representados y en las relaciones con sus compañeros de profesión. In re Astacio Caraballo, 149 DPR 790, 797 (1999). En consecuencia, el abogado "no puede proveer al tribunal información falsa o que no se ajuste a la verdad, ni puede tampoco ocultarle información certera que deba ser revelada". Íd., pág. 798; In re Filardi Guzmán, 144 DPR 710 (1998). Este deber se infringe por el mero hecho de faltar a la verdad, pues la violación se configura aunque no esté presente la intención de defraudar. In re García Iglesias, 183 DPR 572, 578 (2011).

El Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, exige que el abogado se esfuerce al máximo de su capacidad en la exaltación del honor y la dignidad de la profesión. In re Gordon Menéndez, 183 DPR 628, 642 (2011). La responsabilidad ética y moral que rige la profesión legal requiere que todo abogado examine continuamente su comportamiento, pues "los abogados son el espejo donde se refleja la imagen de la profesión". In re Rodríguez Vázquez, 176 DPR 168, 177 (2009). Por tanto, éstos deben actuar conforme al puntual sentido de responsabilidad que impone la función social que ejercen. In re Cuyar Fernández, 163 DPR 113, 117 (2004).

Por último, el Canon 9, 4 LPRA Ap. IX, dispone que los abogados deberán observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Todo abogado tiene la obligación de responder a los requerimientos y a las órdenes de este Tribunal con prontitud. In re Otero Encarnación, 179 DPR 827, 831 (2010). Más aún, este deber se extiende a los procedimientos disciplinarios que se efectúan en su contra. In re Torres Viera, 179 DPR 868, 870 (2010). En consecuencia, cuando un abogado no atiende con diligencia los requerimientos de este Tribunal y se muestra indiferente ante nuestros apercibimientos procede que lo suspendamos de la profesión. In re Aponte Cabrera, 179 DPR 1, 16 (2010).

Como es sabido, el procedimiento disciplinario contempla la designación de un Comisionado Especial, el cual recibirá la prueba presentada y rendirá un informe con sus determinaciones de hecho para nuestra consideración. In re Cuevas Borrero, 185 DPR 189, 201 (2012). El Comisionado Especial ejerce una función similar a la del juzgador de instancia, por lo que "se encuentra en una posición aventajada para aquilatar la prueba testifical y adjudicar credibilidad". In re Salas Arana, 188 DPR 339, 346 (2013). Por tanto, sus determinaciones fácticas merecen nuestra mayor deferencia. Íd. Ahora bien,

este Tribunal no está obligado por las conclusiones de derecho del Comisionado.

III.

Tras evaluar el expediente ante nuestra consideración, así como las comparecencias que lo acompañan, concluimos que el querellado infringió los Cánones 9, 12, 18, 19, 20, 23, 35 y 38 del Código de Ética Profesional, supra.

En primer lugar, el licenciado Prado Galarza violentó el Canon 12 del Código de Ética Profesional, supra, pues no fue puntual y exacto en la tramitación de la apelación de su cliente. Según surge del expediente, el querellado presentó el recurso de apelación ante el foro intermedio el 13 de febrero de 2009 y no volvió a comparecer ante ese tribunal hasta el 6 de agosto de 2009. Ello, a pesar de las múltiples órdenes emitidas solicitando la presentación de la transcripción de la vista. Como mencionamos, la continua desobediencia a las órdenes del tribunal configura una infracción a este Canon. In re Nieves Nieves, supra, pág. 36.

De igual manera, concluimos que la demora del querellado en presentar la transcripción solicitada y el correspondiente alegato violentó el Canon 18 del Código de Ética Profesional, supra. El licenciado Prado Galarza conocía o debió conocer que no había perfeccionado el recurso y que ello exponía a su cliente a una posible

desestimación. Según mencionamos, este Canon exige que el abogado defienda los intereses de su cliente de una forma capaz y diligente. In re Rivera Ramos, supra, pág. 664. Así, aquellas actuaciones que expongan al cliente a una posible desestimación o archivo de su recurso denotan indiferencia, desidia y despreocupación por parte del letrado y configuran una infracción a este Canon. In re Amil Acosta, supra, págs. 939-940.

De otra parte, el Canon 19, supra, impone a los miembros de la profesión legal la obligación de mantener a sus clientes informados sobre todo asunto importante que surja durante la tramitación del caso en el cual participan. In re Mulero Fernández, supra, pág. 30. Este deber de informar es unidireccional e indelegable. In re Cuevas Borrero, 185 DPR 189, 204-205 (2012); In re Muñoz Morell, supra, pág. 753. Según surge del expediente, el querellado delegó su obligación de informar al licenciado Dávila Toro, pues era éste quien le comunicaba a la señora Gotay Marcano el estado de los procedimientos. En consecuencia, concluimos que el licenciado Prado Galarza violentó el Canon 19 del Código de Ética Profesional, supra.

Más aún, según surge del Informe de la Comisionada Especial, el licenciado Prado Galarza recibió un cheque por la cantidad de mil quinientos ($1,500.00) dólares para la tramitación del recurso apelativo del señor Fraticcelli

Gotay.[5] Sin embargo, el letrado limitó su participación a la presentación del recurso de apelación y no llegó a perfeccionar el mismo. Los Cánones 20 y 23 del Código de Ética Profesional, supra, imponen a los abogados el deber de reembolsar toda cantidad adelantada en concepto de honorarios por servicios profesionales que no han prestado. In re Pestaña Segovia, supra, pág. 495. Por consiguiente, el licenciado Prado Galarza incurrió en falta ética al retener los honorarios recibidos.

En adición, el querellado violentó el Canon 35, supra, al contestar la queja, pues indicó que decidió unir al pleito a la licenciada González Pereira "[p]ara poder cumplir con la extensa carga laboral".[6] Sin embargo, el Informe de la Comisionada Especial demuestra con meridiana claridad que fue la señora Gotay Marcano quien optó por unir a la licenciada González Pereira para que atendiera la apelación de su hijo.[7] Como mencionamos, este deber se infringe por el mero hecho de faltar a la verdad, aunque no exista intención de defraudar. In re García Iglesias, supra.

Por su parte, el Canon 38 del Código de Ética Profesional, supra, proscribe la conducta impropia real o

---

[5] *Informe de la Comisionada Especial Eliadís Orsini Zayas*, pág. 14.

[6] En específico, el licenciado Prado Galarza sostuvo que "[p]ara poder cumplir con la extensa carga laboral, el licenciado Dávila y yo resolvimos unir a otra compañera que en aquel momento trabajaba con nosotros en la oficina, la licenciada Michelle González Pereira". *Réplica a Querella*, pág. 3.

[7] Según surge del Informe, las partes estipularon que fue la licenciada González Pereira quien se comunicó con el licenciado Prado Galarza para unirse a la representación de los apelantes. *Informe de la Comisionada Especial Eliadís Orsini Zayas*, pág. 9.

aparente. In re Aponte Duchesne, 191 DPR 247, 258 (2014). Tras evaluar el expediente ante nuestra consideración, concluimos que el querellado incurrió en conducta impropia al no tramitar la apelación de forma diligente, al no informar a su cliente sobre las incidencias procesales del recurso que presentó y al retener los honorarios cobrados por una gestión que no realizó. Por tanto, concluimos que el licenciado Prado Galarza infringió los preceptos del Canon 38.

Finalmente, el querellado incurrió en violación al Canon 9 de Ética Profesional, supra, al desatender las órdenes de este Tribunal durante el procedimiento disciplinario. Como mencionamos, este Canon impone a los miembros de la profesión la obligación de atender las órdenes y requerimientos de este Tribunal con prontitud. A pesar de que la Oficina de la Procuradora General presentó la querella ante nuestra consideración el 27 de diciembre de 2011, el licenciado Prado Galarza no presentó su contestación hasta el 30 de agosto de 2013. Tal proceder demoró sustancialmente el procedimiento disciplinario del letrado y configuró una infracción a este Canon.

IV.

Habiendo concluido que el querellado infringió los Cánones 9, 12, 18, 19, 20, 23, 35 y 38 del Código de Ética Profesional, supra, nos corresponde determinar cuál es la sanción apropiada. Según hemos señalado, al momento de

imponer una sanción disciplinaria debemos considerar: el historial previo del abogado; su reputación en la comunidad; la aceptación de la falta y su sincero arrepentimiento; si la conducta se realizó con ánimo de lucro; y cualquier otra consideración pertinente a los hechos. In re Peña, Santiago, 185 DPR 764, 787 (2012).

Según surge del expediente, el licenciado Prado Galarza no demostró estar arrepentido pues no aceptó las faltas imputadas. Ahora bien, el querellado ha ejercido la profesión por más de veinte (20) años sin que se haya sostenido procedimiento disciplinario en su contra y goza de buena reputación en la comunidad jurídica.[8]

Por los fundamentos antes expuestos, suspendemos del ejercicio de la abogacía y de la notaría al Lcdo. Irvin E. Prado Galarza por un término de dos meses y ordenamos que devuelva a la señora Gotay Marcano la suma de mil ($1,000) dólares en concepto de honorarios de abogado.

En consecuencia, el licenciado Prado Galarza deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles aquellos honorarios recibidos por servicios profesionales no realizados. De igual forma, deberá informar oportunamente de su suspensión a cualquier foro judicial o

---

[8] Sin embargo, según surge del expediente personal del querellado, el 6 de febrero de 2015, este Tribunal emitió una Resolución concediéndole al licenciado Prado Galarza un término final de quince (15) días para cumplir con los requisitos del Programa de Educación Jurídica Continua y para pagar la cuota por el cumplimiento tardío. Del expediente no surge que el letrado haya cumplido con lo ordenado.

administrativo ante el cual tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá de inmediato a incautar la obra notarial del licenciado Prado Galarza y la entregará a la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Irvin E. Prado Galarza                CP-2011-20




SENTENCIA


En San Juan, Puerto Rico, a 29 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión del Lcdo. Irvin E. Prado Galarza del ejercicio de la abogacía y la notaría por un término de dos meses y ordenamos que devuelva a la Sra. Madeline Gotay Marcano la suma de mil ($1,000) dólares en concepto de honorarios de abogado.

Le imponemos el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Prado Galarza y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este foro.

Notifíquese personalmente al licenciado Prado Galarza esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García concurre y hace constar la siguiente expresión:

> El Juez Asociado señor Rivera García concurre con el resultado expuesto en la Opinión *Per Curiam* que antecede en la medida que está de acuerdo con la suspensión del Lcdo. Irvin E. Prado Galarza del ejercicio de la abogacía y de la notaría. Sin embargo, entiende que la suspensión del letrado debió ser por un término de seis meses.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo