*In re* ALEXIS I. AVILÉS VEGA, querellado.

*Número:* CP-2015-0018    *Resuelto:* 6 de abril de 2017

*Karla Z. Pacheco Álvarez*, subprocuradora general, y *Minnie H. Rodríguez López*, procuradora general auxiliar, abogadas de la parte querellante; *Alexis I. Avilés López, pro se; Wilfredo Alicea López*, comisionado especial, en informe.

PER CURIAM: El Lcdo. Alexis I. Avilés Vega fue admitido al ejercicio de la abogacía el 14 de enero de 1987 y a la práctica de la notaría el 13 de marzo de 1987. El 11 de octubre de 1996 emitimos una Opinión *per curiam* para suspenderlo del ejercicio de la profesión por no actuar con diligencia en la tramitación de un asunto que se le encomendó, desobedecer varias órdenes del tribunal de instancia sin presentar

justificación para ello y no mantener a su cliente informado de los pormenores del caso, entre otras cosas. Véase *In re Avilés Vega*, 141 DPR 627 (1996). Del mismo modo, el 27 de septiembre de 2004 nos vimos precisados a suspenderlo por exhibir un patrón de incumplimiento con los requerimientos del Colegio de Abogados de Puerto Rico y de este Tribunal dentro de un procedimiento disciplinario instado en su contra. Véase *In re Avilés Vega*, 163 DPR 92 (2004). Nuevamente nos vemos obligados a separar al licenciado Avilés de la profesión legal por incurrir en conducta contraria a los postulados que la rigen.

I

A. *Hechos*

El 29 de julio de 2010, la Sra. Monserrat N. Benet Betancourt (señora Benet o querellante) contrató con el licenciado Avilés para que fungiera como su representante legal en una acción de daños y perjuicios.[1] En específico, la señora Benet interesaba demandar a un hogar de envejecientes por una caída sufrida por su padre que, según alegaciones de la querellante, provocó la muerte de su progenitor.[2] Según manifestaciones de la señora Benet, ésta alertó al letrado que el término de prescripción estaba por vencerse, por lo que insistió en que no esperara hasta el último día para presentar la demanda. Así las cosas, el 3 de agosto de 2010, el licenciado Avilés presentó una demanda ante el Tribunal de Primera Instancia, Sala Superior de San Juan.[3]

Luego de varios trámites procesales, que incluyeron la presentación de la contestación a la demanda junto con

---

[1] Según surge de la Queja Núm. AB-2011-242, la cual originó el procedimiento disciplinario de marras, el acuerdo de servicios profesionales fue verbal.

[2] El Sr. Amadeo Benet de Miguel, padre de la Sra. Monserrat N. Benet Betancourt, falleció el 3 de agosto de 2009.

[3] La parte demandante estuvo compuesta por la señora Benet, por sí y en representación de sus hijos menores de edad.

una solicitud de desestimación por prescripción de la causa de acción, el 28 de septiembre de 2010, el foro primario citó a las partes a la conferencia inicial a celebrarse el *15 de noviembre de 2010*.(4) Llegado el día de la vista, *el licenciado Avilés no se presentó a sala ni excusó su ausencia.* Además, el Lcdo. Edgar A. Molina Jorge, representante legal de la parte demandada, manifestó que no se había preparado el informe para el manejo del caso ni se había iniciado el descubrimiento de prueba. Por dicha razón, el foro primario le ordenó al licenciado Avilés que expresara los motivos para su incomparecencia, que cancelara el arancel de suspensión de vista y le impuso una sanción de cien dólares por no haber iniciado los trámites para la conferencia inicial. El foro primario reseñaló la vista para el *19 de enero de 2011.*

El 17 de diciembre de 2010, la señora Benet presentó una Moción Urgente para informar al tribunal que recientemente había recibido la Minuta de 15 de noviembre de 2010 y que fue mediante la misma que supo que el licenciado Avilés no compareció a la vista. Aprovechó la oportunidad para notificar que, a pesar de los trámites realizados, *no lograba comunicación con el letrado y que éste no contestaba sus mensajes.* Por último, solicitó que se le concediera un tiempo razonable para localizar al licenciado Avilés o contratar un nuevo representante legal.

El 20 de diciembre de 2010, el Tribunal de Primera Instancia emitió Sentencia Parcial para desestimar, por prescripción, la acción con relación a los daños y perjuicios sufridos por la señora Benet y la acción heredada por las angustias mentales de su padre. No obstante, mantuvo la causa de acción en cuanto a los hijos menores de edad de la señora Benet. Ese mismo día, dicho foro dictó una Orden que concedió al licenciado Avilés un término de cinco días

---

(4) Surge del expediente que la referida Orden se le notificó al Lcdo. Alexis I. Avilés Vega a la dirección que aparecía consignada en el Registro Único de Abogados y Abogadas para el momento de los hechos. A su vez, esa era la dirección que el licenciado Avilés incluyó en los documentos atinentes al caso.

para pagar la sanción impuesta el mes anterior y cancelar el sello de suspensión de vista, so pena de ordenar el cierre sin perjuicio de la demanda en cuanto a los menores.[5]

Inconforme con esta determinación, el 11 de enero de 2011 el licenciado Avilés presentó una Moción Solicitando Reconsideración a Sentencia Parcial, mediante la cual solicitó que se dejara sin efecto la Sentencia, pues, según alegó, al momento de presentar la demanda, la acción no había prescrito. El 13 de enero de 2011, el tribunal denegó dicha solicitud.

Así las cosas, y según se había pautado previamente, el *19 de enero de 2011* se llamó el caso en corte abierta para la celebración de la vista inicial. No obstante, *el licenciado Avilés indicó que no había preparado el informe para el manejo del caso*, por lo que la vista tuvo que ser reseñalada para el *11 de febrero de 2011*.

El 9 de febrero de 2016, el licenciado Molina sometió una Moción Solicitando Desestimación Sumaria con Perjuicio. En la misma expresó que, a pesar de que el Tribunal de Primera Instancia había señalado tres fechas distintas para que se llevara a cabo la conferencia preliminar entre abogados, *el licenciado Avilés nunca se comunicó para calendarizar y celebrar dicha reunión*. En torno a la causa de acción de los menores, que era la única vigente, expuso que desde la presentación de la demanda no hubo ningún tipo de actividad procesal, por lo que solicitó la desestimación sin perjuicio conforme a la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V.[6] El tribunal declaró "no ha lugar" dicha petición.

La vista de conferencia inicial señalada para el *11 de febrero de 2011* tampoco se pudo realizar porque *el licenciado Avilés no compareció ni excusó su ausencia*. El licen-

---

[5] El 22 de diciembre de 2016 se notificó la Orden tanto al licenciado Avilés como a la señora Benet.

[6] Sobre el particular expuso que, luego de la presentación de la demanda, el licenciado Avilés no compareció en relación con la causa de acción de los menores.

ciado Molina manifestó, además, que todavía no se había preparado el informe para el manejo del caso. En consecuencia, el tribunal le ordenó al licenciado Avilés que expresara, en el término de diez días, las razones para su incomparecencia y que presentara el arancel de suspensión de vista. Además, le ordenó a ambos abogados que presentaran el informe, so pena de sanciones. Programó la vista de conferencia inicial para el *28 de abril de 2011*.

Llegado el día de la vista, *el licenciado Avilés no se presentó*. El licenciado Molina se expresó sobre las ausencias del licenciado Avilés a las vistas y sobre la inactividad en el caso.(⁷) Tras considerar las repetidas incomparecencias y el incumplimiento con varias órdenes emitidas por el tribunal, al licenciado Avilés se le impuso una sanción de doscientos cincuenta dólares, se le ordenó cancelar los aranceles de suspensión de la vista corriente y de la anterior, y que mostrara causa por sus ausencias. Además, se le apercibió al letrado, y a su cliente, que el incumplimiento con lo ordenado conllevaría una vista con la Procuradora de Familia para decretar el cierre sin perjuicio de la reclamación de los menores.(⁸) Por último, se transfirió la vista para el *13 de junio de 2011*.

El 1 de junio de 2011, el licenciado Molina sometió una Moción Solicitando Señalamiento de Vista para Desestimación según la Regla 39.2(a) de Procedimiento Civil. En la misma expuso que el licenciado Avilés no había acatado las órdenes emitidas por el tribunal el 11 de febrero y el 28 de abril de 2011, a pesar de los apercibimientos de que su incumplimiento podría conllevar la celebración de una vista con la Procuradora de Familia para ordenar el cierre

---

(⁷) El 27 de abril de 2016, un día antes de la vista, el Lcdo. Edgar A. Molina Jorge (licenciado Molina) presentó una Moción Informativa en la que expresó, entre otras cosas, que el licenciado Avilés no había cumplido con su obligación de coordinar las reuniones entre abogados y no había realizado gestión alguna para iniciar el descubrimiento de prueba.

(⁸) En la vista, el licenciado Molina reiteró la solicitud de desestimación por inactividad, pero el tribunal la declaró "no ha lugar".

sin perjuicio de la causa de acción de los menores. Alegó que el licenciado Avilés exhibió un comportamiento temerario y descuidado, y una total falta de interés al desobedecer reiteradamente las órdenes del tribunal. Solicitó, por lo tanto, que señalara con urgencia una vista al amparo de la Regla 39.2(a) de Procedimiento Civil, *supra*, o que convirtiera la conferencia inicial calendarizada para el 13 de junio de 2011 en una vista a dichos efectos. Ante cualquiera de esos escenarios, sugirió que se citara a la Procuradora de Menores para que esbozara su recomendación en cuanto al cierre del caso.

*El licenciado Avilés no asistió a la vista pautada para el 13 de junio de 2011 ni se excusó con el tribunal.* Ante el pedido del licenciado Molina de que dispusiera de la moción de desestimación, el tribunal realizó un recuento procesal del caso y señaló otra vista para el *1 de julio de 2011*, previo a ordenar el cierre sin perjuicio de la reclamación de los menores.

Antes de la vista de 1 de julio de 2011, el licenciado Avilés envió una Moción Informativa y Solicitando Prórroga al correo electrónico del juez a cargo del caso.([9]) En ésta solicitó que pospusiera la vista por el término de sesenta días.

Celebrada la vista el *1 de julio de 2011*, según programada, compareció la señora Benet, mas no así el licenciado Avilés. La señora Benet expresó que desconocía las razones para las incomparecencias del licenciado Avilés, por lo que solicitó un término para gestionar la renuncia de su abogado y contratar a una nueva representación legal. El tribunal le concedió hasta el 5 de agosto de 2011 para tramitar estas diligencias y le apercibió que, de incumplir, se exponía a que se ordenara el cierre del caso.

---

([9]) Esta moción se presentó formalmente en la Secretaría del Tribunal de Primera Instancia el 1 de julio de 2011 a la 1:43 p. m. No obstante, la vista de ese día estaba señalada para las 9:00 a. m. Seis días después, el tribunal emitió una Orden en la que requirió al licenciado Avilés que cancelara los sellos de suspensión de vista y que expresara las razones para su incomparecencia.

En consecuencia, la señora Benet compareció a la vista del 5 de agosto acompañada del Lcdo. Evaldo C. Nilo Nylund (licenciado Nilo). La querellante manifestó que todas las gestiones realizadas para localizar al licenciado Avilés resultaron infructuosas, por lo que solicitó que se permitiera al licenciado Nilo asumir su representación legal en el caso. Ese mismo día, presentó una Moción por Derecho Propio, en la que solicitó el relevo de representación legal del licenciado Avilés. Fundamentó su pedido en el hecho de que *el licenciado Avilés: (1) no compareció a casi ninguna vista;*[10] *(2) no mantuvo una comunicación efectiva con ella; (3) nunca respondió sus mensajes; (4) no mostró interés en el caso, y (5) no fue diligente en su gestión profesional.*[11]

## B. *Trámite disciplinario*

En desaprobación al comportamiento exhibido por el licenciado Avilés en la tramitación del pleito de daños, el 1 de agosto de 2011, la señora Benet presentó la Queja Núm. AB-2011-242, que inició el procedimiento disciplinario ante nuestra consideración. En la misma alegó que, por la tardanza del licenciado Avilés en presentar la demanda, perdió su causa de acción y la que heredó de su padre. Añadió que el letrado no la mantuvo al tanto de los incidentes en el caso y que fue imposible comunicarse con éste. Por último, hizo alusión a las incomparecencias del letrado a las vistas y a los incumplimientos con las órdenes del tribunal.

De acuerdo con el procedimiento establecido en nuestro reglamento,[12] el 29 de agosto de 2011, la Secretaría de este Tribunal envió una carta al licenciado Avilés para no-

---

[10] Según surge del expediente, de seis señalamientos para celebrar la Conferencia Inicial, el licenciado Avilés solo compareció a la vista del 19 de enero de 2011, la cual tuvo que ser reseñalada porque no había preparado el informe para el manejo del caso.

[11] Mediante Orden dictada el 10 de agosto de 2011, el foro primario declaró "ha lugar" la solicitud de relevo de representación legal presentada por la señora Benet.

[12] 4 LPRA Ap. XXI-B.

tificarle sobre la Queja presentada en su contra y otorgarle diez días para reaccionar a la misma.[13] Transcurridos aproximadamente nueve meses sin recibir contestación del licenciado Avilés, el 4 de junio de 2012 se le envió una segunda comunicación para concederle diez días adicionales para que se expresara.[14] A pesar de haber recibido ambas notificaciones, el licenciado Avilés no respondió. Es por ello que el 5 de noviembre de 2012 emitimos una Resolución mediante la cual le proveímos un término final e improrrogable de diez días para que contestara la Queja. Se le apercibió que incumplir con la Resolución podría conllevar sanciones disciplinarias, incluso la suspensión del ejercicio de la profesión legal.[15]

El 20 de noviembre de 2012, el licenciado Avilés presentó la Contestación a Queja. En la misma alegó, en síntesis, que el trámite procesal del caso se afectó por situaciones ajenas a su voluntad y porque la señora Benet anunció que prescindiría de sus servicios.[16] Adujo, además, que la demanda se presentó a tiempo.

Contando con la posición de ambas partes, el 5 de diciembre de 2012 se remitió el asunto a la Oficina de la Procuradora General para la correspondiente investigación e informe. Finalmente, el 21 de mayo de 2014, la Procuradora General nos presentó su informe. Expuso que, por la conducta desplegada en la tramitación del pleito de daños, el licenciado Avilés incurrió en varias violaciones al Código de Ética Profesional, a saber: Canon 9 (incumplir con las órdenes del tribunal); Canon 12 (causar demoras injustificadas en el trámite del caso); Canon 18 (no defen-

---

[13] La carta fue enviada por correo certificado con acuse de recibo. En el expediente personal del togado consta que fue recibida el 2 de septiembre de 2011.

[14] Esta misiva también fue enviada por correo certificado con acuse de recibo y fue recibida el 7 de junio de 2012.

[15] La Resolución se notificó personalmente el 9 de noviembre de 2012.

[16] El licenciado Avilés se refería a la Moción Urgente presentada por la señora Benet el 17 de diciembre de 2010 en la que ésta solicitó al foro primario que le concediera un tiempo razonable para localizar al licenciado Avilés, ya que había perdido comunicación con el letrado, o para contratar nueva representación legal.

der adecuada y diligentemente los intereses de su cliente); Canon 19 (no mantener una comunicación adecuada con su cliente y no mantenerlo debidamente informado de la situación del asunto encomendado y sus aspectos esenciales); Canon 20 (no solicitar al tribunal que lo releve de la representación legal de su cliente mediante escrito a esos fines), y Canon 38 (no exaltó el honor y la dignidad de la profesión, por lo que incurrió en conducta impropia o su apariencia). 4 LPRA Ap. IX.

El 27 de mayo de 2014 se le concedió al licenciado Avilés un término de veinte días para expresar su posición en torno al Informe de la Procuradora. Pasado más de un año sin que el licenciado Avilés compareciera, el 19 de junio de 2015 le ordenamos a la Procuradora General que presentara la correspondiente Querella. Mediante la misma, la Procuradora General formuló ocho cargos en contra del letrado por incurrir en conducta constitutiva de violación a los Cánones 9 y 12 del Código de Ética Profesional, *infra*, tanto dentro del presente proceso disciplinario, así como en el caso civil de daños y perjuicios. Presentó cargos, además, por incumplir con su deber de diligencia y competencia en la tramitación del caso (Canon 18); no mantener una comunicación efectiva y adecuada con su cliente (Canon 19); dejar de comparecer a los señalamientos sin solicitar la renuncia de representación legal (Canon 20), y exhibir una conducta contraria a los parámetros contenidos en el Canon 38 del mismo cuerpo normativo.

Al licenciado Avilés se le notificó la Querella personalmente el 6 de octubre de 2015 y se le concedió un término de quince días para reaccionar a la misma. Luego de otorgársele un término adicional,([17]) sin recibir contestación alguna de su parte, el 27 de enero de 2016 nombramos al Hon. Wilfredo Alicea López como Comisionado Especial.

([17]) El 21 de octubre de 2015, el licenciado Avilés solicitó un término adicional para contestar la Querella. Mediante Resolución emitida el 30 de octubre de 2015, le concedimos treinta días adicionales y le apercibimos que su incumplimiento conllevaría la continuación de los procedimientos disciplinarios sin su comparecencia.

Aproximadamente un mes más tarde, el licenciado Avilés sometió una moción en la que aceptó la responsabilidad y se allanó a la Querella. Arguyó que, al momento de la tramitación del caso civil, se encontraba inmerso en una serie de problemas personales que afectaron su desempeño óptimo en dicho procedimiento. Además de aceptar su responsabilidad por haberse distanciado de los cánones del Código de Ética Profesional y allanarse a los cargos contenidos en la Querella, mostró arrepentimiento y propósito de enmienda.[18]

Finalmente, el 17 de mayo de 2016, el Comisionado Especial nos presentó su Informe en el que recomendó la imposición de una fuerte sanción con los apercibimientos de rigor. Para ello, procedemos a analizar las normas aplicables.

## II

Al prestar juramento para ejercer la profesión, los abogados se comprometen a desempeñar con lealtad los deberes y las responsabilidades que les imponen la ley y el Código de Ética Profesional. En específico, los cánones de ética profesional son las normas mínimas de conducta de los letrados frente a sus clientes, la sociedad, los compañeros de profesión y las instituciones de justicia. *In re Vilches López*, 196 DPR 481 (2016); *In re Villalba Ojeda*, 193 DPR 966 (2015).

En particular, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, prescribe que la conducta de los

---

[18] El licenciado Avilés enfatizó que su conducta no fue intencional ni con el ánimo de faltarle el respeto a su cliente, a la Procuradora General ni a los tribunales. En cuanto a la sanción que se le impondría, solicitó que se tomaran en cuenta los atenuantes siguientes: (1) su aceptación de responsabilidad y allanamiento a la Querella; (2) las situaciones que afectaron su desempeño fueron superadas; (3) aprendió que los problemas personales no deben afectar su ejecutoria en los asuntos que le han sido encomendados; (4) si surge algún evento que pudiese afectar su gestión profesional, deberá informarlo a su cliente y solicitar el relevo de la representación legal; (5) es padre de tres estudiantes universitarios que aún dependen de él, y (6) su único sustento lo obtiene a través del ejercicio de la profesión legal.

abogados ante los tribunales debe caracterizarse por ser, ante todo, respetuosa. Ello comprende que éstos deben cumplir pronta y diligentemente con las órdenes emitidas por los tribunales, más aún cuando las mismas se originan dentro de un procedimiento disciplinario. *In re Montalvo Delgado*, 196 DPR 542 (2016); *In re Prado Galarza*, 195 DPR 894 (2016). Desatender los requerimientos de un tribunal quebranta, de tal manera, los postulados consagrados en dicho canon que puede conllevar sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión. *In re Abadía Muñoz et al.*, 2017 TSPR 1, 196 DPR Ap. (2016); *In re Montalvo Delgado*, supra; *In re Torres Román*, 195 DPR 882 (2016). Lo anterior, pues, se considera que la indiferencia hacia los pronunciamientos de un foro constituye un desafío a su autoridad y, en casos de procesos disciplinarios, a nuestro poder inherente de regular el ejercicio de la profesión. *In re D'Alzina Nin*, 195 DPR 958 (2016).

■  Por su parte, el Canon 12 del mismo cuerpo normativo, 4 LPRA Ap. IX, señala como deber de todo abogado "hacia el tribunal, sus compañeros, las partes y testigos el *ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución*". (Énfasis suplido).

Esta exigencia, que presupone un trámite responsable, puntual y diligente del pleito, se extiende a todas las etapas de un litigio. *In re Montalvo Delgado*, supra; *In re Vilches López*, supra. De este modo, hemos reconocido que conductas tales como "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción de los clientes, son infracciones patentes de este canon". *In re Montalvo Delgado*, supra, pág. 552. Véase *In re Nazario Díaz*, 195 DPR 623, 635 (2016). Además, hemos reiterado

que la continua desobediencia a las providencias judiciales infringe, de igual forma, los preceptos contenidos en dicha disposición disciplinaria. *In re Nazario Díaz*, supra. Véase, también, *In re Villalba Ojeda*, supra, pág. 974, en donde indicamos que el Canon 12 "comprende el deber de cumplir rigurosamente con las órdenes judiciales".

■ Por otro lado, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone, en su parte pertinente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
> Es deber del abogado defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

■ Conforme a la normativa antes esbozada, cuando un abogado asume la representación de un cliente se obliga a defender sus intereses de una forma capaz y diligente. *In re Prado Galarza*, supra; *In re Nazario Díaz*, supra. Por lo tanto, en su quehacer profesional no puede haber espacio para la indiferencia y la dejadez. *In re Nazario Díaz*, supra. Ello implica que debe realizar todo cuanto se le ha encomendado adecuada, responsable, efectiva y oportunamente, sin dilaciones que puedan afectar la tramitación o la rápida solución de la controversia. *In re Miranda Daleccio*, 193 DPR 753 (2015); *Pueblo v. Quiles Negrón et al.*, 193 DPR 609 (2015); *In re Pietri Torres*, 191 DPR 482 (2014). Lo contrario, es decir, "[l]a inacción, la imprudencia, el desinterés y la desidia en la tramitación de los asuntos que le han sido confiados, constituyen una patente infracción al Canon 18". *In re Roldán González*, 195 DPR 414, 423 (2016). Véase, además, *In re Miranda Daleccio*, supra.

■ Reiteradamente, hemos afirmado que un abogado es negligente en su gestión profesional cuando abandona o desatiende el caso; no comparece a los señalamientos realizados por el foro judicial; permite que expire el término prescriptivo de una acción, o incurre en una actuación negligente que puede resultar o, en efecto, resulta en la desestimación o en el archivo del caso, entre otras cosas. *In re Roldán González*, supra; *In re Miranda Daleccio*, supra; *In re Rivera Nazario*, 193 DPR 573 (2015).

■ En cuanto a la información que se le debe suplir al cliente, el Canon 19 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que los abogados deben mantener a sus clientes al tanto de todo asunto importante que surja durante el desarrollo de su caso. Dicha comunicación efectiva, considerada componente esencial de la relación profesional, propiciará que el cliente tenga suficiente información para tomar decisiones, durante el transcurso del litigio, respecto a los asuntos legales que le ha confiado a su abogado. *In re Roldán González*, supra. Véase, además, *In re Rosario Vázquez*, 197 DPR 237, 249 (2017), donde afirmamos, que "los casos pertenecen a los clientes y éstos tienen derecho a mantenerse informados de todos los asuntos y las gestiones importantes que se susciten en la tramitación de [los mismos]".

■ Un abogado actúa contrario a los postulados del Canon 19, *supra*, cuando se torna inaccesible, no atiende los reclamos de información de un cliente, no le anuncia de algún resultado adverso dentro de la gestión encomendada o no lo mantiene al tanto de la situación procesal del caso. *In re Rodríguez López*, 196 DPR 200 (2016); *In re Roldán González*, supra. Dichas conductas, además de constituir infracciones patentes a dicho precepto ético, entorpecen el proceso de impartir justicia. *In re Maldonado Torres*, 196 DPR 837 (2016); *In re Nazario Díaz*, supra.

▪ En cuanto a la obligación impuesta por el Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX, cuando un abogado comparece al tribunal en representación de un cliente no puede abandonar su encomienda profesional sin antes haber obtenido permiso del tribunal. Hasta entonces, el togado conserva la obligación de llevar a cabo su gestión de forma diligente y competente, acorde a las exigencias del Código de Ética Profesional. *In re Vilches López*, supra; *In re Polanco Ortiz I*, 196 DPR 127 (2016).

▪ Por último, el Canon 38 del Código de Ética profesional, 4 LPRA Ap. IX, instituye el deber de todo abogado de exaltar el honor y la dignidad de su profesión, y de evitar hasta la apariencia de conducta profesional impropia. Ello implica que todo letrado debe desempeñarse en forma escrupulosa y guiado por un alto sentido de responsabilidad, teniendo siempre presente la función social que ejerce y la institución que representa. *In re Fingerhut Mandry*, 196 DPR 327 (2016).

## III

Estudiado el marco legal pertinente, entendemos que el licenciado Avilés infringió los cánones del Código de Ética Profesional que se detallan en la Querella, así como en el Informe del Comisionado Especial. Veamos.

En primer lugar, el licenciado Avilés se ausentó sin justificación alguna a la mayoría de las vistas señaladas en el Caso Núm. EDP2010-0278 que se ventilaba ante el Tribunal de Primera Instancia y no excusó su ausencia a las mismas. Ello conllevó la imposición de múltiples sanciones económicas por parte del juez que presidió los procedimientos. Además, desatendió las órdenes emitidas por dicho foro, aun cuando se le advirtió que su incumplimiento podría conllevar el cierre del caso. Sin lugar a dudas, y según se desprende de los autos originales del foro primario, el proceder

del licenciado Avilés causó demoras injustificadas en el trámite del asunto encomendado.

Por otra parte, el letrado no contestó pronta y diligentemente los requerimientos dentro del proceso disciplinario ante nos. En primer lugar, desatendió dos comunicaciones de nuestra Secretaría para que presentara su contestación a la Queja. No fue sino hasta que emitimos una Resolución en la cual le concedimos un término final e improrrogable que sometió su respuesta. Además, nunca reaccionó al Informe preparado por la Procuradora General, por lo que nos vimos precisados a ordenar la presentación de la correspondiente Querella sin el beneficio de su comparecencia. Con posterioridad, a pesar de que se le concedió suficiente tiempo para contestar la Querella, y contó con el beneficio de una prórroga, el letrado tampoco respondió.

Con el comportamiento pormenorizado en los párrafos que anteceden, el licenciado Avilés demostró una conducta contraria a los Cánones 9 y 12 del Código de Ética Profesional, *supra*, tanto en las gestiones iniciadas ante el Tribunal de Primera Instancia, así como en el procedimiento disciplinario incoado ante este Foro.

Por otro lado, al estudiar el tracto procesal del Caso Núm. EDP2010-0278, surgen varias instancias que evidencian la falta de diligencia y competencia del licenciado Avilés al atender el asunto encomendado. En primer lugar, la causa de acción de la señora Benet, así como la heredada de su padre, fueron desestimadas por prescripción, a solicitud de la parte demandada, sin contar con oposición alguna del licenciado Avilés. Luego de esa desestimación, el letrado no hizo gestión alguna para promover la causa de acción de los menores. En específico, el licenciado Avilés no coordinó ni estuvo accesible para acordar una fecha con el fin de que se celebrara la conferencia entre abogados y se preparara el informe para el manejo del caso, según requerido por el juez a cargo de los procedimientos. Con excepción de una moción

presentada el 1 de julio de 2011,[19] del expediente no surge que el licenciado haya realizado diligencia alguna para adelantar el caso. De hecho, nunca se opuso a varias mociones presentadas por el licenciado Molina para que se desestimara el pleito en su totalidad. Al así proceder, demostró un comportamiento contrario al Canon 18, *supra*.

El licenciado Avilés infringió, también, el Canon 19, *supra*, al no mantener una comunicación efectiva con su cliente. En específico, el 17 de diciembre de 2010, la señora Benet presentó una Moción Urgente en la que expresó que supo de la ausencia del licenciado Avilés al primer señalamiento de vista por medio de la Minuta notificada por el foro primario. Informó, además, que a pesar de las gestiones realizadas, no lograba establecer comunicación con el letrado. Del mismo modo, el 5 de agosto de 2011, la señora Benet solicitó que se le relevara de la representación legal del letrado. Fundamentó su pedido en que "no se comunica para nada, he ido a la oficina y le he dejado dicho que me llame y no lo hace, entendiendo que no le interesa mi caso [...]". Apéndice de la Querella, pág. 40.

Por otro lado, el licenciado Avilés se desligó por completo del asunto que se le había encargado y se ausentó a los señalamientos de vista, sin haber solicitado que se le relevara de la representación legal. Sobre el particular, es menester mencionar que no es excusa lo expresado por el licenciado Avilés en su contestación a la Queja a los efectos de que, en diciembre de 2010, la señora Benet le solicitó tiempo al foro primario para localizarlo o para conseguir una nueva representación legal. Ello, por sí sólo, no le relevaba de la responsabilidad asumida. Si el letrado entendía que con dicho proceder la señora Benet le estaba requiriendo su renuncia, tenía que solicitarle al tribunal que lo relevara de sus funciones y esperar la correspondiente

---

[19] Como mencionamos anteriormente, la moción se presentó en el Tribunal de Primera Instancia el 1 de julio de 2011 a la 1:43 p. m. con el propósito de solicitar la posposición de una vista que estaba señalada para ese mismo día a las 9:00 a. m.

orden. Al no hacerlo, se apartó del Canon 20 del Código de Ética Profesional, *supra*.

Por último, como bien expresó la Procuradora General en la Querella, la desatención a las órdenes emitidas por el foro primario, las reiteradas ausencias a las vistas, el no haber mostrado un desempeño eficiente y diligente en la protección de los intereses de su cliente, y el no atender los requerimientos de este Foro, evidencian una conducta contraria a los postulados del Canon 38 del Código de Ética Profesional, *supra*. Ello pues, al incurrir en las mismas, falló en su deber de exaltar el honor y la dignidad de la profesión.

En conformidad con lo anterior, solo nos resta determinar la sanción disciplinaria que impondremos al licenciado Avilés por el comportamiento exhibido. Al fijarla, procede que consideremos los factores siguientes: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fue imputada, y (9) otros atenuantes o agravantes que surjan de los hechos. *In re Roldán González*, supra; *In re Miranda Daleccio*, supra; *In re Planas Merced*, 180 DPR 179 (2010).

Como mencionamos al comienzo de la presente Opinión, ésta es la tercera ocasión en que el licenciado Avilés se encuentra inmerso en un proceso disciplinario. Reiteradamente ha demostrado un deficiente desempeño profesional al no desplegar la debida diligencia y competencia ante las encomiendas de un cliente. Igualmente, ha desobedecido las órdenes y los requerimientos de foros judiciales, sin presentar justificación para ello, y ha fallado en mantener una comunicación efectiva con sus clientes. Además, su comportamiento dentro del presente proceso disciplinario dista mucho de lo que se espera de un togado.

Por otro lado, aunque el togado aceptó su responsabilidad y se allanó a los cargos contenidos en la Querella, al determinar su sanción pesa en nuestro ánimo que ha reincidido en su comportamiento antiético. Ello, a pesar de haber sido suspendido de la profesión legal en dos ocasiones anteriores, la última por un término indefinido.

## IV

Analizado el derecho aplicable, así como las infracciones éticas en las que ha incurrido el Lcdo. Alexis I. Avilés Vega, *decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días, a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*Por otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial del señor Avilés Vega y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Notifíquese personalmente esta Opinión "per curiam" y Sentencia al señor Avilés Vega a través de la Oficina del Alguacil de este Tribunal.*

*Se dictará sentencia de conformidad.*