EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Sharon M. Hernández López<br>(TS-16,345) | 2017 TSPR 23<br><br>197 DPR \_\_\_\_ |

Número del Caso: CP-2015-19

Fecha: 10 de febrero de 2017

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Tanaira Padilla Rodríguez
      Subprocuradora General

      Lcda. Karla z. Pacheco Álvarez
      Subprocuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General

Abogado de la parte peticionaria

      Lcdo. Radamés Marín Montalvo

 Comisionado Especial:

      Hon. Crisanta González Seda

Materia: Conducta Profesional – La Suspensión será efectiva el 14 de febrero de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Sharon M. Hernández López
    (TS-16,345)
                           CP-2015-0019

PER CURIAM

En San Juan, Puerto Rico, a 10 de febrero de 2017.

Nos corresponde determinar si la Lcda. Sharon M. Hernández López incurrió en conducta contraria al Código de Ética Profesional, _infra_, al abandonar un litigio y desatender inicialmente el proceso disciplinario que se llevó en su contra. Concluimos que violó los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, _infra_.

I

La licenciada Hernández López fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y a la práctica de la notaría el 20 de febrero de 2008. El 4 de noviembre de 2011, el Sr. José A. Nicolau Martínez contrató los servicios de la licenciada

Hernández López para que lo representara en un litigio sobre despido injustificado, debido a que su antiguo representante legal renunció.[1] Según el contrato de servicios profesionales suscrito por las partes, los honorarios de la licenciada Hernández López equivaldrían al veinticinco por ciento de la suma obtenida por el señor Nicolau Martínez en resarcimiento. Además, el quejoso hizo un depósito inicial de $500 a la licenciada Hernández López para cubrir los gastos de manejo del caso.

No empece lo anterior, la licenciada Hernández López no compareció a una vista celebrada por el Tribunal de Primera Instancia el 26 de enero de 2012. En su lugar, envió al Lcdo. Benancio Santana Rabell para que la sustituyera. Así pues, el foro primario señaló otra vista para el 16 de mayo de 2012, pero la abogada tampoco compareció. Surge del expediente que en esa ocasión no fue sustituida por otro abogado, por lo que el tribunal de instancia emitió una orden de mostrar causa dirigida a la abogada. No surge del expediente que la licenciada Hernández López haya comparecido para mostrar causa.

El foro primario señaló otra vista para el 23 de julio de 2012, donde se estableció un calendario de trabajo mediante el cual los abogados de las partes prepararían el informe de conferencia con antelación al juicio. Además,

---

[1] Este caso fue objeto de una desestimación sin perjuicio debido a que el señor Nicolau Martínez no anunció su nueva representación legal dentro del término provisto por el tribunal.

se pautó una conferencia y vista transaccional para el 31 de octubre de 2012. Sin embargo, llegado ese día, la licenciada Hernández López no compareció, ni se excusó. Además, aunque las partes habían acordado los pormenores del informe de conferencia con antelación al juicio, se presentó únicamente con la parte que le correspondía al abogado de la parte adversa, pues la licenciada Hernández López no se comunicó con su contraparte, ni fue a la reunión acordada. Debido a la ausencia de la abogada a la vista de 31 de octubre de 2012, el abogado de la parte adversa solicitó en corte abierta la desestimación con perjuicio del pleito.

El 8 de noviembre de 2012, el foro primario emitió una orden, por segunda ocasión, para que la licenciada Hernández López mostrara causa por la cual no debía desestimarse el caso. Sin embargo, luego de expirado el término concedido, la letrada presentó un informe de conferencia con antelación al juicio incompleto y firmado únicamente por ella. Posteriormente, la licenciada Hernández López sometió un escrito en el que adujo que el día de la conferencia con antelación al juicio se encontraba en otra sala del Tribunal de Primera Instancia, atendiendo otro caso que se tardó más de lo previsto, por lo que presentó sus excusas. Por su parte, el abogado de la parte adversa sometió por escrito su solicitud de desestimación por el historial de incumplimiento de la letrada. Por consiguiente, el tribunal le ordenó a la

abogada Hernández López que presentara la posición del señor Nicolau Martínez en un término de diez días. No obstante, esta no lo hizo.

El 28 de noviembre de 2012, el Tribunal de Primera Instancia le requirió nuevamente a las partes que presentaran el informe de conferencia con antelación al juicio. Ahora bien, a pesar de que se presentó el informe completo, ese escrito no contó con la firma de la licenciada Hernández López porque ella no asistió a la oficina del abogado de la parte adversa, aunque había acordado hacerlo. Además, ese abogado le informó al foro primario que la licenciada Hernández López nunca le notificó los escritos que presentó ante el tribunal. Posteriormente, el 21 de diciembre de 2012, el abogado de la parte adversa presentó una segunda moción de desestimación. El Tribunal de Primera Instancia dispuso que esa moción se discutiera el 6 de febrero de 2013, es decir, durante la próxima vista de conferencia con antelación al juicio.

La audiencia se celebró el día señalado pero la licenciada Hernández López se ausentó. Entonces, el foro primario desestimó la demanda del señor Nicolau Martínez, con perjuicio.[2] Posteriormente, este último compareció mediante otra representación legal y logró que se dejara

---

[2] La minuta en la que se señaló la vista de conferencia con antelación al juicio para el 6 de febrero de 2013, también se le notificó al señor Nicolau Martínez, pero este tampoco compareció.

sin efecto la sentencia desestimatoria, pero se le impuso una sanción económica de $1,000.

Por estos hechos, el 19 de julio de 2013 el señor Nicolau Martínez presentó la queja que inició este procedimiento disciplinario. En su escrito, alegó que contrató a la licenciada Hernández López el 13 de octubre de 2011 para que continuara su caso sobre despido injustificado debido a que el abogado que había presentado la demanda renunció. Sin embargo, el señor Nicolau Martínez señaló que el 15 de febrero de 2013 recibió por correo copia de la minuta de la vista que se celebró el 6 de febrero de 2013. De esa forma, advino en conocimiento que su caso se había desestimado por abandono. Ese mismo día acudió al Tribunal de Primera Instancia para examinar el expediente. Así se enteró del contenido de la sentencia y de otras órdenes y señalamientos del foro primario, que la licenciada Hernández López no le había notificado, a pesar de que se había comunicado con ella en varias ocasiones. La abogada solo le dijo que el caso se encontraba en trámite. Por último, el señor Nicolau Martínez manifestó que solicitó la renuncia de la abogada y la entrega del expediente por varios medios, pero que no obtuvo respuesta de la letrada.

El 19 de agosto de 2013, la Subsecretaria de este Tribunal le envió copia de la queja que presentó el señor Nicolau Martínez por correo certificado con acuse de recibo. Además, le solicitó que se expresara sobre la

queja dentro del término de diez días. Sin embargo, la abogada no compareció. El 23 de septiembre de 2013 se le ordenó nuevamente que contestara la queja en su contra pero tampoco compareció. Así pues, el 27 de diciembre de 2013 se le notificó personalmente una Resolución en la que se le concedió un término final de cinco días para que contestara la queja en su contra. Fue entonces que la licenciada Hernández López presentó su contestación.

En su escrito, la abogada ofreció disculpas por la tardanza en contestar y expuso que para noviembre de 2012 comenzó a reducir su carga laboral, por recomendación de la Dra. Lymari Díaz. Asimismo, argumentó que cerró su oficina por dificultades económicas. Expuso que estaba bajo la impresión de que había renunciado a la representación legal del señor Nicolau Martínez y que le había instruido a su asistente que le enviara el expediente al querellante. Resaltó que dejó de recibir notificaciones del tribunal, por lo que concluyó que había sido relevada de la representación legal. También alegó escuetamente y sin evidenciar, que quedó embarazada para marzo de 2013 y que sufrió ciertas complicaciones. Por último, la abogada Hernández López certificó en su contestación que el mismo día envió el expediente del caso al querellante mediante correo certificado con acuse de recibo y se comprometió a notificarnos cuando él lo recibiera. Posteriormente, le remitimos copia de la queja y su contestación a la Procuradora General para la

presentación de un informe y sus recomendaciones al respecto.

En respuesta a esa encomienda, la Procuradora General nos presentó su informe. Determinó que el manejo del caso por la licenciada Hernández López, su desatención y tardanza relacionadas con el cumplimiento de las órdenes del foro primario y las de este Tribunal durante este proceso disciplinario, así como la tardanza en la renuncia solicitada por el cliente, podían constituir violaciones de los Cánones 9, 12, 18, 19, 20, 35 y 38 de Ética Profesional, 4 LPRA Ap. IX, C.9, C.12, C.18, C.19, C.20, C.35, C.38. Examinado el informe y luego de expirado el término que le concedimos a la letrada para que se expresara en torno al mismo sin que lo hiciera, le ordenamos a la Procuradora General que presentara la querella correspondiente.

El 15 de octubre de 2015, la Procuradora General presentó la querella disciplinaria contra la licenciada Hernández López y le imputó violaciones de los Cánones 9, 12, 18, 19, 20 y 38, supra. El 19 de octubre de 2015, se diligenció, personalmente, un mandamiento de este Tribunal para que la abogada contestara la querella dentro del término de quince días. No obstante, luego de expirado el término concedido para ello, la abogada compareció a través de su representación legal y solicitó una prórroga de veinte días para presentar su contestación. Al filo de la prórroga solicitada, la licenciada Hernández López nos

evidenció que le envió un giro postal al señor Nicolau Martínez por la cantidad de $1,000, para reembolsarle por el pago de la sanción económica que le impuso el foro primario. Finalmente, el 9 de diciembre de 2015 la abogada presentó su contestación a la querella.

La letrada expresó que no representó los intereses del señor Nicolau Martínez de manera adecuada debido a un error de juicio. Así, aceptó que incurrió en las faltas que le imputó la Procuradora General en la querella. Contestación a Querella, pág. 2. Sin embargo, argumentó que lo anterior representa un evento aislado que no volverá a repetirse. La licenciada Hernández López anejó una declaración jurada de una clienta. En esa declaración se expresa la satisfacción de la clienta con el desempeño de la letrada.

También argumentó que ha llevado alrededor de diez casos de oficio, seis de ellos durante el 2015. Por último, pidió disculpas y aseguró que está avergonzada y arrepentida por lo sucedido. Designamos a la exjueza del Tribunal de Primera Instancia, Hon. Crisanta González Seda, como Comisionada Especial para que recibiera prueba, realizara sus determinaciones de hecho y nos presentara sus recomendaciones.

Luego de varios trámites procesales, se celebró la conferencia con antelación a la vista ante la Comisionada Especial. En esa vista, la abogada Hernández López renunció libre y voluntariamente a la continuación de los

procedimientos. Así, aceptó ante la Comisionada Especial que incurrió en las faltas imputadas en la querella. Además, las partes solicitaron que no se celebrara la vista en su fondo. No obstante, la letrada solicitó que se admitieran unas declaraciones juradas de compañeros abogados en las que se da fe de la capacidad y profesionalismo de la querellada. La Procuradora General no mostró reparos a que se admitieran las declaraciones juradas como prueba de carácter. Asimismo, la Procuradora General solicitó, sin objeción de la querellada, que se admitiera como prueba el expediente del caso José A. Nicolau v. González Trading Inc., DPE2011-0121.

El 27 de junio de 2016, la Comisionada Especial rindió un informe con sus determinaciones de hecho y conclusiones de derecho, las cuales acogemos.

II

El Código de Ética Profesional, 4 LPRA Ap. IX, recoge las normas que rigen la conducta de la clase togada en nuestra jurisdicción. In re Ramón Rivera Grau, Op. de 4 de octubre de 2016, 2016 TSPR 212, pág. 13, 196 DPR ___ (2016). El abogado, como funcionario del tribunal, debe conducirse con diligencia, honradez y evitar incurrir en conducta impropia en el ejercicio de su labor. Además, debe mantener a su cliente informado sobre todo desarrollo en su caso, así como solicitar oportunamente el permiso del tribunal para ser relevado de la representación legal

cuando su cliente no interese que continúe como su representante.

A. El Canon 9 de Ética Profesional, supra, dispone, en lo pertinente a este caso, que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, se exige que los abogados cumplan pronta y diligentemente las órdenes de **todos** los tribunales. In re Nieves Nieves, 181 DPR 25, 34 (2011). Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, o las de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad, lo que constituye una violación del Canon 9, supra. In re Colón Collazo, Op. de 15 de agosto de 2016, 2016 TSPR 184, pág. 5, 196 DPR ___ (2016). En otras palabras, aquel abogado que ignora, rechaza o menosprecia nuestros requerimientos consiente a que lo separemos de la profesión legal. In re Amiama Laguardia, Op. de 14 de noviembre de 2016, 2016 TSPR 231, pág. 4, 196 DPR ___ (2016).

B. Por otro lado, el Canon 12 de Ética Profesional, supra, establece que los abogados tienen el deber de ser puntuales en su asistencia, así como concisos y exactos en el trámite y presentación de las causas de sus clientes. Esa obligación exige desplegar todas las diligencias necesarias para que no se causen dilaciones indebidas en la tramitación y solución de los casos. In re Polanco Ortiz, Op. de 2 de agosto de 2016, 2016 TSPR 173, pág. 7,

196 DPR ___ (2016). Es decir, el precitado canon compele a dar la más estricta observancia de las órdenes judiciales. Íd. En torno a los procesos disciplinarios, la norma que encarna el Canon 12, supra, exige que los abogados respondan con premura a todos los requerimientos relacionados a las quejas por conducta profesional. In re Hernández Vázquez, 180 DPR 527, 540 (2010).

C. Por su parte, el Canon 18 de Ética Profesional, supra, exige que los abogados defiendan los intereses de sus clientes "diligentemente, desplegando en cada caso su más profundo saber y habilidad […]". Este canon dispone que es impropio que un abogado asuma la representación legal de un cliente cuando es consciente que no puede rendir una labor idónea, competente y que no puede prepararse sin que ello conlleve gastos o demoras irrazonables a su cliente o a la administración de la justicia. In re Miranda Daleccio, 193 DPR 753, 762 (2015). En ese sentido, "un abogado falta a su deber de diligencia cuando no realiza las gestiones que le fueron encomendadas en el momento oportuno, de forma adecuada y sin retrasos". In re Pietri Torres, 191 DPR 482, 488 (2014). Por esa razón, "[e]n el ejercicio de la abogacía no hay espacio para que sus miembros actúen con displicencia, dejadez y desidia en la tramitación de los asuntos que se le han delegado". In re Rivera Nazario, 193 DPR 573, 583 (2015). Así, un abogado transgrede el Canon 18 cuando exhibe una conducta negligente que pueda acarrear, o en efecto acarree, la

desestimación de un caso o la pérdida de la causa de acción de su representado. Íd., citando a In re Pietri Torres, supra.

D. El Canon 19 de Ética Profesional, supra, establece con claridad que es deber ineludible de todo abogado "mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Ese deber es parte integral de la relación de fiducia existente entre el abogado y su cliente. En ese aspecto, un abogado incumple con las disposiciones de la norma impuesta por el Canon 19, supra, cuando no atiende los reclamos de información que el cliente solicita; no le informa del resultado adverso de la gestión encargada; la acción se desestima o se archiva; no mantiene al cliente al tanto del estado o la situación procesal del caso, o, simplemente le niega al cliente información del caso. In re Nazario Díaz, Op. de 26 de mayo de 2016, 2016 TSPR 111, pág. 17, 195 DPR __ (2016), citando a In re Reyes Coreano, 190 DPR 739, 752-753 (2014).

E. El Canon 20 de Ética Profesional, supra, establece el procedimiento que deben seguir los abogados al renunciar a la representación legal de un cliente. Específicamente, este canon dispone que una vez los abogados comparecen en representación de un cliente, deben obtener permiso del tribunal para renunciar a la representación. In re Díaz Nieves, 189 DPR 1000, 1016-1017 (2013). En esa línea, el Canon 20, supra, requiere que antes de renunciar a la

representación legal de los clientes, los abogados tomen medidas razonables para evitar perjuicio a los derechos de estos. Además, tan pronto la renuncia se materializa, o cuando el cliente lo solicita, los abogados están obligados a entregarle a su cliente el expediente y todo documento relacionado con el caso. Véanse: In re Rivera Navarro, 193 DPR 303, 316 (2015); In re Suárez Jiménez, 192 DPR 152, 161 (2014).

F. Finalmente, el Canon 38 de Ética Profesional, supra, dispone, entre otras cosas, que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales […]". Este canon impone la obligación de evitar incurrir en conducta impropia. In re Rivera Grau, supra, pág. 17. Además, este precepto ético obliga a todos los letrados hacer su propia y cabal aportación para la consecución de una mejor administración de la justicia. In re Hoffmann Mouriño, 194 DPR 179, 188 (2015).

III

A. A la licenciada Hernández López se le imputa transgredir los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, supra. Luego de evaluar cuidadosamente los hechos ante nuestra consideración, el informe de la Comisionada Especial y la posición de la letrada, concluimos que esta se apartó de lo que dictan los precitados cánones.

En este caso, la licenciada Hernández López ignoró las órdenes del Tribunal de Primera Instancia en el caso del señor Nicolau Martínez. De hecho, el foro primario tuvo que recalendarizar varias vistas, emitir órdenes para mostrar causa y tampoco se logró someter el informe con antelación al juicio a tiempo debido a que la licenciada no lo firmó. Asimismo, desatendió inicialmente los requerimientos de este Tribunal para que contestara la queja en su contra. Por esas razones, la licenciada Hernández López transgredió el Canon 9 del Código de Ética Profesional, supra. Su desidia y ausencias injustificadas provocaron el retraso innecesario del caso del quejoso y el proceso disciplinario que se llevó en su contra. Por eso, la letrada Hernández López violó también el Canon 12 del Código de Ética Profesional, supra.

La letrada abandonó el caso para el cual se le contrató. A pesar de las oportunidades que le brindó el foro primario, la abogada Hernández López no representó diligentemente los intereses del señor Nicolau Martínez hasta el punto de la desestimación por falta de interés. Además, ello ocasionó que el Tribunal de Primera Instancia impusiera una sanción económica de $1,000 al querellante. Por esta razón, concluimos que la abogada Hernández López transgredió el Canon 18 del Código de Ética Profesional, supra.

A pesar de los desarrollos del caso (entiéndase, las órdenes del foro primario para que el señor Nicolau

Martínez expusiera su posición en torno a las solicitudes de desestimación de la parte demandada y la sentencia de desestimación), la licenciada Hernández López no realizó esfuerzos razonables para mantener informado al señor Nicolau Martínez sobre los desarrollos de su caso. De esa manera, transgredió los postulados del Canon 19 del Código de Ética Profesional, supra.

Luego de estas incidencias, el señor Nicolau Martínez solicitó la renuncia de la letrada. Resalta el hecho de que esta nos certificó en su contestación a la queja que ese mismo día remitió el expediente del caso al señor Nicolau Martínez, por correo certificado. Es decir, a pesar de que el quejoso le solicitó la renuncia y el expediente en febrero de 2013, a través de varios medios, la licenciada Hernández López devolvió el expediente del caso luego de que se le presentó la queja ante este Tribunal. En su informe, la Procuradora General nos señaló que el querellante le manifestó que no había recibido el expediente del caso. Informe de la Procuradora General, pág. 5. Cabe destacar que ese informe se presentó cuatro meses después de que la licenciada Hernández López nos certificara, sin evidenciar, el envío del expediente al señor Nicolau Martínez.

Hemos resuelto en innumerables ocasiones que todo abogado debe devolver el expediente del caso a su cliente sin dilación alguna. Tampoco surge que la licenciada Hernández López hubiese tomado medidas para evitar algún

perjuicio al quejoso. Indiscutiblemente, la licenciada Hernández López violó el Canon 20 del Código de Ética Profesional, supra.

El desempeño de la licenciada Hernández López como abogada del señor Nicolau Martínez se distinguió por un patrón de desidia, despreocupación y omisiones hasta llegar al punto de provocar la desestimación del caso. De esa manera, el proceder de la letrada fue contrario a la obligación que tiene todo abogado de esforzarse al máximo de su capacidad para exaltar el honor y la dignidad de la profesión. La actitud de la licenciada Hernández López reflejó una imagen que dista mucho de lo que es en realidad una práctica de la abogacía honorable y digna. Por esa razón, la licenciada Hernández López violó el Canon 38 del Código de Ética Profesional, supra.

B. Al determinar la sanción disciplinaria que se impondrá a un abogado que incurrió en conducta contraria al Código de Ética Profesional, consideramos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si constituye su primera falta y si no ha causado perjuicio a alguna parte; (4) la aceptación y arrepentimiento sincero por las imputaciones; (5) la defensa frívola de su conducta; (6) si se trata de una conducta aislada; (7) el ánimo de lucro; y (8) cualquier otra consideración atenuante o agravante aplicable a los hechos. Véanse: In re Rivera Grau, supra, pág. 21; In re Nazario Díaz, supra, pág. 23.

A pesar de la conducta exhibida por la abogada, la Comisionada Especial nos sugiere varios atenuantes en su informe. Estos son que la letrada aceptó la conducta que se le imputó, que se evitó un desfile de prueba innecesario al renunciar a la vista en su fondo, que la licenciada Hernández López se mostró sinceramente arrepentida durante el proceso y que aseguró que su conducta no se volvería a repetir. Además, surge que este es el primer procedimiento disciplinario contra la licenciada Hernández López, que resarció al querellante la sanción económica que le impuso el foro primario y por último, que existe evidencia de que ella goza de buena reputación como abogada y en su carácter privado.

IV

Al tomar en cuenta las consecuencias de la conducta de la abogada y los atenuantes que señaló la Comisionada Especial, suspendemos a la Lcda. Sharon M. Hernández López inmediatamente del ejercicio de la abogacía y la notaría por el término de tres meses.

Se ordena a la licenciada Hernández López que notifique inmediatamente a todos sus clientes su inhabilidad para continuar representándolos y les devuelva cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Además, se ordena a

la licenciada Hernández López que evidencie el envío del expediente del caso <u>José A. Nicolau v. González Trading Inc.</u>, DPE2011-0121, al señor Nicolau Martínez. Por último, la abogada deberá acreditar y certificar ante este Tribunal el cumplimiento de lo anterior dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Hernández López y los entregue al Director de la Oficina de Inspección de Notarías, para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la licenciada Hernández López a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Sharon M. Hernández López
    (TS-16,345)
                       CP-2015-0019

SENTENCIA

En San Juan, Puerto Rico, a 10 de febrero de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, se suspende a la Lcda. Sharon M. Hernández López inmediatamente del ejercicio de la abogacía y la notaría por el término de tres meses.

Se ordena a la licenciada Hernández López que notifique inmediatamente a todos sus clientes su inhabilidad para continuar representándolos y les devuelva cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Además, se ordena a la licenciada Hernández López que evidencie el envío del expediente del caso José A. Nicolau v. González Trading Inc., DPE2011-0121, al señor Nicolau Martínez. Por último, la abogada deberá acreditar y certificar ante este Tribunal el cumplimiento de lo anterior dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Hernández López y los entregue al Director de la Oficina de Inspección de Notarías, para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la licenciada Hernández López a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo