EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2018 TSPR 168 |
| Dalia Stella González Díaz | 201 DPR ____ |

Número del Caso:  CP-2017-9

Fecha: 1ro de octubre de 2018

Abogado de la promovida:

Lcdo. José M. Colón Pérez

Oficina del Procurador General:

Lcda. Karla Pacheco Alvarez
Sub Procuradora General

Lcda. Minnie H. Rodríguez López
Procuradora General Auxiliar

Materia:  La suspensión será efectiva el 4 de octubre de 2018, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Dalia Stella González Díaz (TS-8,826) | CP-2017-0009 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 1 de octubre de 2018.

## I.

La Lcda. Dalia Stella González Díaz (licenciada González Díaz) fue admitida al ejercicio de la abogacía el 4 de enero de 1988 y a la práctica de la notaría el 27 de septiembre de 1988. Nos corresponde atender una querella presentada en su contra en la que se le imputa haber incurrido en conducta contraria a lo postulado en los Cánones 18, 19, 20, 23 y 38 del Código de Ética, Profesional, 4 LPRA Ap. IX. C. 18, 19, 20, 23 y 38.

## II.

La Sra. Ruth N. López Ortiz (promovente) contrató a la licenciada González Díaz para la presentación de una demanda civil por daños y perjuicios. Los honorarios de abogado fueron acordados por una cantidad ascendiente a cuatro mil dólares ($4,000).

Presentada la demanda el 6 de febrero de 2013, la promovente y la licenciada González Díaz sostuvieron una reunión para discutirla. Sin embargo, luego de esta reunión, la letrada no brindó a la promovente información adicional pertinente al trámite del caso.

Pasado el tiempo, para el 2014, tanto la promovente como sus hijos, intentaron establecer comunicación telefónica y por vía de textos con la licenciada González Díaz. No obstante, sus intentos resultaron infructuosos.

Ante la falta de comunicación y en busca de orientación, la promovente optó por acudir a otra abogada. Luego de revisar el expediente, la abogada le informó que la licenciada González Díaz había realizado una oferta transaccional, que según la promovente nunca le fue discutida en detalle; que no compareció a la continuación de la vista inicial debido a "una situación con su hermana"; que tampoco se presentó a la Conferencia con Antelación al Juicio lo que conllevó que el tribunal le concediera diez (10) días para mostrar causa por su incomparecencia; que llegada la fecha del reseñalamiento de la Conferencia con Antelación al Juicio y vista de discusión de orden de mostrar causa, el 2 de junio de 2014, la licenciada tampoco compareció. Consecuentemente, el Tribunal emitió una Orden a la licenciada González Díaz, notificada el 4 de junio de 2014, para que se expresara en diez (10) días respecto al curso del caso, así como la justificación para su incomparecencia. De igual forma, fue

apercibida del archivo del caso de no contestar dentro del término concedido. Finalmente, ante el abandono de la causa de acción e incumplimiento con las órdenes del Tribunal, la acción fue desestimada sin perjuicio el 13 de agosto de 2014.

Al conocer la información, la promovente intentó comunicarse con la licenciada González Díaz el 21 de enero de 2016. Esta última respondió informando que le devolvería la llamada; cosa que no hizo. Tras un segundo intento, la parte promovente dejó un mensaje de voz solicitando que le devolviera la llamada. Esta le respondió por mensaje de texto informando que se estaría reuniendo con ella. Posteriormente, el día antes de la reunión la letrada le envió un mensaje de texto, el cual contenía, sin más, una foto de una pulsera de hospital.

El 16 de febrero de 2016, la parte promovente presentó la Queja AB-2016-052 ante la Oficina de la entonces Procuradora General contra la licenciada González Díaz.

En su contestación a la Queja, la licenciada González Díaz reconoció que fue contactada por la promovente para la presentación de la Demanda. Alegó que accedió a explicarle y asistirle en la presentación de la demanda civil, pero que la parte promovente "conocía que yo había cerrado mi oficina y cuáles eran mis circunstancias personales". En lo pertinente a la falta de comunicación, la licenciada alegó que mantuvo comunicación telefónica constante con la promovente durante el caso y que no se ha negado a

conversar con ella, antes o después de la presentación de la Queja. Referente a la incomparecencia a las vistas señaladas y la falta de notificación de la desestimación sin perjuicio, la licenciada González Díaz aceptó la responsabilidad. Sobre el particular expresó que: "…entiendo que debí haber renunciado al caso… pensaba genuinamente que podría llevar su acción judicial; olvidé que soy un ser humano frágil, débil y mortal…". Más aún, reconoció haber actuado incorrectamente en la tramitación de la causa de acción para la que fue contratada y lamentó profundamente la situación.

Según la letrada, luego de la presentación de la demanda se enfrentó a la enfermedad de su hermana, el litigio de un caso personal, un derrame cerebral sufrido por su padre, una mudanza y el eventual cuidado de su padre a raíz del fallecimiento de su madre. Alegó que "los perjuicios sufridos por la [promovente] fueron causados por motivos involuntarios, no intencionales… distantes de nuestra forma de litigar".

Culminado el proceso de investigación y la subsiguiente presentación del Informe, el 31 de mayo de 2017, fue sometida la Querella por el Procurador General quien nos invita a tomar en consideración a favor de la licenciada el hecho de que esta reconoce que erró y acepta su responsabilidad "con arrepentimiento y vergüenza". En adición a ello, en lo que a honorarios por servicios no

prestados se refiere, ésta expresó su disposición a reembolsarlos a la parte promovente.

Presentados los hechos del caso ante nuestra consideración, procedemos a examinar la normativa aplicable.

III.

El Código de Ética Profesional instituye los preceptos mínimos de conducta que gobiernan la práctica de la profesión legal. Esto, con el propósito de promover los más altos principios éticos en beneficio del cliente, la profesión, la sociedad y las instituciones de justicia. *In re Vilches López*, 196 DPR 479 (2016).

Respecto a la relación con el cliente, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, dispone que:

> Será impropio de un abogado asumir una representación profesional cuando está **consciente de que no puede rendir una labor idónea** competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. (Énfasis suplido)

El Canon 18, *supra*, requiere que todo abogado defienda los intereses de su cliente diligente y competentemente. En méritos de lo anterior, constituye una violación al deber de diligencia del Canon 18, *supra*, aquella conducta negligente que pueda acarrear, o que acarree, la

desestimación o archivo del caso. *In re Rivera Nazario*, 193 DPR 573 (2015).

Por su parte, el Canon 19, *supra*, dispone que "el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Un miembro de la profesión quebranta este canon cuando no atiende, entre otros, los reclamos de información que el cliente solicita; no le informa del resultado adverso de la gestión encargada, la acción se desestima o se archiva; no mantiene al cliente al tanto del estado o la situación procesal del caso, o, simplemente le niega al cliente información del caso. *In re Nazario Díaz*, 195 DPR 623, 626 (2016). "Lo anterior se agrava cuando el letrado mantiene ajeno a su cliente sobre el resultado adverso de un asunto encomendado, que pone fin, total o parcialmente, a una causa de acción". *Íd.* Esto, pues las sentencias desestimatorias, deben ser informadas inmediatamente al cliente. *In re Vilches López*, *supra*, pág. 486.

En lo aquí pertinente, el Canon 20, *supra*, "dispone que cuando el abogado ha comparecido ante un tribunal en representación de un cliente, este debe obtener el permiso del tribunal para renunciar a la representación". *In re Vilches López*, *supra*; *In re Iglesias García*, 183 DPR 572 (2011). La renuncia procede cuando se han suscitado razones que le justifiquen o que no fueron posibles de prever. *Íd.* No obstante, hasta que la renuncia sea aceptada el abogado

está obligado a realizar su gestión profesional y exhibir el más alto grado de competencia y diligencia posible a tenor con las exigencias del Código de Ética Profesional. *In re Vilches López*, *supra*, pág. 486; *In re Díaz Nieves et al.*, 189 DPR 1000 (2013). Asimismo, tras ser efectiva la renuncia del abogado, este debe hacerle entrega del expediente a su cliente, así como, reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado. 4 LPRA Ap. IX, C. 20.

En lo que a la relación entre el abogado y su cliente respecta, el Canon 23, *supra*, preceptúa que "[l]a naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen. La retención de fondos de los clientes por parte de los abogados constituye una práctica altamente lesiva a la profesión legal. Esta conducta menoscaba la relación de honradez y confianza que debe existir entre el abogado y su cliente. Además, afecta la imagen de dignidad e integridad que debe guardar y proyectar todo abogado y la reputación de la profesión legal en la comunidad. *In re Vázquez O'Neill,* 121 DPR 623 (1988). En sintonía con lo anterior, hemos resuelto que la retención de cualquier cantidad de dinero perteneciente a clientes infringe los

postulados del Canon 23 del Código de Ética Profesional, *supra*. *In re Rivera Irizarry*, 155 DPR 687 (2008). Es más, la dilación en la devolución de los fondos de por sí es causa suficiente para infringir el Canon 23, *supra*. *In re Colón Hernández*, 189 DPR 275 (2013).

Finalmente, el Canon 38, *supra*, instituye el deber de todo abogado de exaltar el honor y la dignidad de su profesión y de evitar hasta la apariencia de conducta profesional impropia. *In re Avilés Vega*, 197 DPR 829 (2017). Por ello, todo letrado debe desempeñarse en forma escrupulosa y guiado por un alto sentido de responsabilidad, teniendo siempre presente la función social que ejerce y la institución que representa. *Íd.; In re Fingerhut Mandry*, 196 DPR 327 (2016).

IV.

A base de los hechos presentados, y las normas aplicables procedemos analizar si las actuaciones de la licenciada González Díaz incidieron en los principios éticos de nuestro ordenamiento jurídico.

En síntesis, a la licenciada González Díaz se le responsabiliza por desempeñarse en forma contraria a los axiomas éticos que rigen la práctica de la profesión; a saber: (1) incumplir con las órdenes del Tribunal; (2) abandonar el litigio de su cliente; (3) no mantenerlo informado de los pormenores del caso; (4) no notificarle la sentencia de desestimación de la causa de acción; (5) no orientarlo respecto a los mecanismos legales post

sentencia; (6) no devolverle el expediente del caso; y (7) retener honorarios por servicios no prestados.

La licenciada González Díaz reconoció y admitió haber actuado incorrectamente en la tramitación de la causa de acción para la que fue contratada. Igualmente reconoció su incomparecencia a las vistas señaladas y aceptó haber omitido la debida notificación de la desestimación sin perjuicio. Debemos recordar que la promovente nunca fue informada por la licenciada González Díaz respecto la desestimación de la causa de acción ni orientada sobre sus derechos luego de dictada y notificada la Sentencia. A pesar de que la Demanda fue presentada el 6 de febrero de 2013 y desestimada el 13 de agosto de 2014, no fue hasta el mes de enero de 2016 que la promovente, a través de métodos alternos, adquiere información referente al caso y conoce por primera vez sobre su desestimación. Evidentemente, para esta fecha, la causa de acción había prescrito. Como consecuencia, la promovente quedó privada de su derecho a ser indemnizada por cualquier daño o perjuicio que pudiera haber sufrido. La conducta desplegada por la licenciada infringió el Canon 18, *supra*.

En lo pertinente a la comunicación con el cliente, la licenciada alegó que mantuvo comunicación telefónica constante con la promovente durante el trámite del caso. Del mismo modo, arguyó que no se negó a conversar con esta, antes o después de la presentación de la Queja. No obstante, el mero hecho de mantener comunicación con el

cliente durante el trámite del caso, por sí sólo, no satisface las exigencias del Canon 19, *supra*. En su comparecencia, la letrada admitió que no le notificó a la promovente la Sentencia de desestimación del caso. Como consecuencia, la promovente no tuvo la oportunidad de solicitar reconsideración o apelar la misma; viendo tronchada su causa de acción. La omisión de la licenciada transgredió las disposiciones comprendidas en el Canon 19, *supra*.

A pesar del complicado marco de problemas familiares al que se enfrentaba la licenciada González Díaz, ésta en ningún momento informó al Tribunal del mismo, tampoco solicitó formalmente su renuncia al percatarse de que no se encontraba hábil para rendir una labor competente. Por el contrario, optó por abandonar la causa de acción y por no cumplir con las órdenes emitidas por el Tribunal de Primera Instancia.

En adición, reiteradamente hemos expresado que, el expediente, al igual que la causa de acción, le pertenece exclusivamente al cliente. *In re García Ortiz*, 187 DPR 507 (2013); *In re Santos Rivera*, 172 DPR 703 (2008). Por lo tanto, concluida la gestión profesional, no debe haber dilación en la entrega del expediente al cliente. La letrada aceptó que no ha hecho entrega del expediente. Indudablemente la licenciada González Díaz quebrantó el Canon 20, *supra*.

Por otro lado, los abogados están obligados a reembolsar cualquier cantidad que haya sido pagada por servicios profesionales que no ha prestado. *In re Prado Galarza*, 195 DPR 894 (2016); *In re Pestaña Segovia*, 192 DPR 485 (2015). Aunque la licenciada expresó estar dispuesta a devolver a la parte promovente los honorarios cobrados por servicios no prestados, dicha devolución no se ha llevado a cabo oportunamente. La conducta desplegada por la licenciada González Díaz constituye una infracción al Canon 23, *supra*.

Finalmente, el pobre desempeño de la licenciada González Díaz laceró la dignidad y el honor que todo abogado debe exaltar por lo que determinamos que esta incurrió en conducta impropia constitutiva de violación al Canon 38, *supra*.

Quedando establecido el desempeño deficiente por parte de la licenciada, resta imponer la sanción disciplinaria. Al fijar la misma, procede que consideremos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada y, (9) otros atenuantes o agravantes que surjan de los hechos. *In re Avilés Vega*, *supra*; *In re Roldán González*, 195 DPR 414 (2016); *In re Miranda*

*Daleccio*, 193 DPR 753 (2015)*; In re Planas Merced*, 180 DPR 179 (2010).

Cabe resaltar que la licenciada González Díaz ha ejercido la profesión por treinta (30) años sin haber sido disciplinada anteriormente. Tampoco somos indiferentes a los problemas familiares de la licenciada mientras atendía el caso de la promovente, así como a su aceptación de responsabilidad "con arrepentimiento y vergüenza". De igual forma, esta expresó estar dispuesta a devolver a la parte promovente los honorarios cobrados por servicios no prestados, aunque dicha devolución no se ha llevado a cabo oportunamente. No obstante, su inacción dio paso a la desestimación de la causa de acción y eventual prescripción de la misma. Como resultado de ello, la parte promovente quedó gravemente perjudicada.

En vista de todo lo anterior, suspendemos inmediatamente a la licenciada González Díaz de la profesión de la abogacía y la notaría por un plazo de tres (3) meses[1]. De igual forma, se le ordena a devolver a la parte Querellante la cantidad de cuatro mil dólares ($4,000) por concepto de honorarios de abogado por servicios no prestados.

La Sra. Dalia Stella González Díaz deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los

---

[1] Véase además, *In re Irizarry Vega*, 198 DPR 1066 (2017); *In re Hernández López,* 197 DPR 340 (2017); *In re Vilches López*, 196 DPR 479 (2016).

casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la Sra. Dalia Stella González Díaz y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la señora González Díaz mientras la fianza estuvo vigente.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta *Sentencia* a la Sra. Dalia Stella González Díaz a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Dalia Stella González Díaz (TS-8,826) | CP-2017-0009 | |

SENTENCIA

En San Juan, Puerto Rico, a 1 de octubre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, suspendemos inmediatamente a la Lcda. Dalia Stella González Díaz de la profesión de la abogacía y la notaría por un plazo de tres (3) meses. De igual forma se le ordena a devolver a la parte Querellante la cantidad de cuatro mil dólares ($4,000) por concepto de honorarios de abogado por servicios no prestados.

La Sra. Dalia Stella González Díaz deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la Sra. Dalia Stella González Díaz y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la señora González Díaz mientras la fianza estuvo vigente.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta *Sentencia* a la Sra. Dalia Stella González Díaz a través de la Oficina del Alguacil de este Tribunal.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Colón Pérez concurre con la expresión siguiente:

> El Juez Asociado señor Colón Pérez concurre con el resultado alcanzado por una mayoría de este Tribunal en el día de hoy. Ello, pues, si bien coincidimos en que la licenciada Dalia Stella González Díaz infringió los cánones 18, 19, 20, 23 y 38 del Código de Ética Profesional, 4 LPRA p. IX, y que, en consecuencia, procede la suspensión de ésta del ejercicio de la abogacía y la notaría, no estamos de acuerdo con que su sanción se limite a un término de tres (3) meses. Y es que, en el proceso disciplinario ante la consideración de este Foro, quedó claramente demostrado que la licenciada González Díaz en reiteradas ocasiones incumplió con las órdenes del Tribunal; no mantuvo informada a su cliente; no le notificó cierta sentencia de desestimación; no la orientó sobre mecanismos legales post sentencia; no le devolvió el expediente del caso; retuvo honorarios por servicios no prestados y, como consecuencia del abandono del litigio por parte de la referida letrada, **la parte promovente perdió su causa de acción**. A nuestro juicio, la conducta desplegada por la licenciada González Díaz debe conllevar -- como mínimo -- la suspensión del ejercicio de la abogacía por un término de seis (6) meses. Véase nuestro voto concurrente en *In re: Vilches López*, 196 DPR 479 (2016).

La Juez Asociada señora Rodríguez Rodríguez no intervino.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina