EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>María del Pilar García Incera | 2019 TSPR 45<br><br>201 DPR \_\_\_\_ |

Número del Caso: CP-2016-12
              TS-11621


Fecha: 8 de marzo de 2019


Abogado de la parte promovida:

        Lcdo. Mario A. Rodríguez Torres


 Oficina del Procurador General:

        Lcda. Karla Z. Pacheco Álvarez
        Subprocuradora General

        Lcdo. Joseph Feldstein del Valle
        Subprocurador General

        Lcda. María Astrid Hernandez Martín
        Procuradora General Auxiliar


 Comisionado Especial:

        Lcdo. Carlos Rodríguez Muñiz


Materia:  Conducta Profesional – Censura enérgica por infrigir los
Cánones 12 y 18 del Código de Ética Profesional.


Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de compilación
y publicación oficial de las decisiones del Tribunal. Su distribución
electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re* | | |
| María Del Pilar García Incera | **Núm.** CP-2016-0012 <br> (TS-11,621) | |

*PER CURIAM*

San Juan, Puerto Rico, a 8 de marzo de 2019.

En esta ocasión, nos corresponde ejercer nuestra jurisdicción disciplinaria sobre una integrante de la profesión legal por infringir los cánones 12 y 18 del Código de Ética Profesional.

## I

### A.

El 19 de diciembre de 2014, el Sr. José R. Jiménez Toro (el quejoso) presentó una queja en contra de la Lcda. María del Pilar García Incera por dilatar indebidamente los procedimientos judiciales en un caso para el que la había contratado. Según alegó, ello tuvo el efecto de que se desestimara su causa de acción con perjuicio. El 12 de agosto de 2015, la abogada de epígrafe contestó y arguyó que actuó con escrupulosa atención a sus obligaciones éticas y que la queja era infundada, ya que, según explicó, el trámite judicial fue dilatado a causa de la dejadez del quejoso y su previa representación legal.

Presentadas la queja y la contestación, el 16 de noviembre de 2015, la Oficina de la Procuradora General

presentó ante este Tribunal su *Informe*. Concluyó que la letrada incurrió en posibles violaciones a los Cánones 9 (Respeto ante los tribunales), 12 (Dilaciones indebidas) y 18 (Protección de los intereses de sus clientes) de los de Ética Profesional, 4 LPRA AP. IX, C. 9, C. 12, y C. 18. El 30 de diciembre de 2015, la abogada de epígrafe replicó afirmando que cometió un error al anotar incorrectamente en su calendario la fecha de una de las vistas pautadas para el caso, lo cual, según explica, "no es raro semejante error. Lo que debió proceder era una sanción económica a la abogada, con notificación y advertencia". *Réplica a Informe de la Procuradora General*, en la pág. 4. El 10 de junio de 2016, este Foro ordenó a la Procuradora General presentar la correspondiente *Querella*. En cumplimiento con lo anterior, el 21 de septiembre de 2016, la Procuradora presentó la *Querella* que nos ocupa. En ésta, le imputó a la abogada de epígrafe las violaciones de los Cánones 9 y 12, 4 LPRA Ap. IX, C.9 y C.12, tras no comparecer a la vista del 16 de noviembre de 2009 ante el Tribunal de Primera Instancia y no acatar la orden de contestar un interrogatorio. Además, le imputó violación al Canon 18, 4 LPRA Ap. IX, C.18, por no atender diligentemente la causa de acción de su cliente, dilatando así los procedimientos, lo que dio lugar a que la reclamación de su cliente fuese desestimada y el recurso de apelación fuese presentado fuera del término.

**B.**

En cuanto a los hechos del caso que originan las imputaciones éticas en contra de la licenciada García Incera, del expediente surge que JR Engineers & Builders, Inc. (JR Engineers), por conducto del quejoso, presentó el 12 de junio de 2007 una demanda en cobro de dinero contra BHJ, S.E. (BHJ). El 4 de octubre de 2007, BHJ le cursó un pliego de interrogatorios. Luego de varios trámites, el foro de instancia relevó a la representación legal de JR Engineers y el 20 de mayo de 2008, la licenciada García Incera asumió su representación legal. A esa fecha habían transcurrido siete (7) meses y quince (15) días sin que el interrogatorio hubiese sido contestado.[1] El 2 de marzo de 2009, BHJ informó que no había recibido la contestación al interrogatorio.[2] Por tal razón, el foro de instancia le impuso a JR Engineers una sanción monetaria de $25.00 bajo la Regla 34 de las de Procedimiento Civil, 32 LPRA AP. III, R 34.[3] Además, le ordenó contestar los interrogatorios, so pena de la desestimación de la reclamación. Esta sanción monetaria fue posteriormente eliminada.

---

[1] El 18 de septiembre de 2008, la licenciada García Incera informó que debido a que el representante legal de BHJ se encontraba bajo tratamiento médico no se pudieron reunir; por lo cual, el foro de instancia les concedió a las partes sesenta (60) días para concluir el descubrimiento de prueba.
[2] Además, que no se realizó la reunión entre abogados por la licenciada de epígrafe haber tenido problemas familiares.
[3] Al momento estaban vigentes las Reglas de Procedimiento Civil de 1979. Las Reglas 2009 entraron en vigor el 1 de julio de 2010.

El 10 de agosto de 2009, BHJ solicitó la desestimación de la demanda, por haberse incumplido con contestar el interrogatorio. El 14 de agosto de 2009, la abogada de epígrafe indicó que, por complicaciones con la salud de sus progenitores, ocurrió una cadena de eventos que consumieron su tiempo, por lo cual, solicitó al foro de instancia, que, si procedía imponerle sanciones, fuese flexible. El Tribunal de Primera Instancia señaló la conferencia con antelación al juicio, pero, la letrada incumplió nuevamente al no comparecer. Consecuentemente, el 16 de noviembre de 2009, el foro de instancia dictó sentencia desestimando el caso ante el reiterado incumplimiento de JR Engineers.

**El 24 de noviembre de 2009, la licenciada García Incera envió la contestación al interrogatorio.** Según aduce la letrada, el 27 de dicho mes y año, se percató, luego de recibir una moción de BHJ, que se había desestimado la demanda. Así, sin haber recibido copia de la sentencia desestimatoria, presentó una reconsideración, que fue declarada No Ha Lugar. Insatisfecha, JR Engineers acudió al Tribunal de Apelaciones, foro que desestimó el recurso por falta de jurisdicción.[4]

_____

[4] Debido a que "se apela una sentencia notificada el 15 de diciembre de 2009. Antes de la notificación, el 11 de diciembre de 2009, [JR Engineers pidió reconsideración. …] El 20 de enero de 2010, pasado el plazo para apelar […] el juez impugnado [la] declaró sin lugar […]. Su dictamen fue notificado el 1 de febrero de 2010. El recurso ante nosotros fue sometido el 3 de marzo de 2010." _Sentencia, Querella, Apéndice_, en la pág. 266.

### C.

Como se adelantó, la Procuradora General concluyó en su Informe que la licenciada García Incera incurrió en violaciones a los Cánones 9 y 12 de los de Ética Profesional, 4 LPRA Ap. IX, C. 9 y C. 12, por no comparecer a la vista del 16 de noviembre de 2009 y no acatar la orden del Tribunal de contestar un interrogatorio que le fue cursado a su cliente. Además, determinó que incurrió en violación al Canon 18 de Ética Profesional, 4 LPRA Ap. IX, C. 18, por no atender diligentemente la causa de acción de su cliente, lo que resultó en la desestimación de ésta con perjuicio. Asimismo, la Procuradora entendió que la licenciada infringió el Canon 18 al presentar una apelación ante el Tribunal de Apelaciones fuera del término dispuesto para ello. El 14 de febrero de 2017, designamos como Comisionado Especial al Lcdo. Carlos Rodríguez Muñiz. El 31 de mayo de 2017, el Comisionado Especial presentó su *Informe* concluyendo que la letrada incurrió en violación a los Cánones 12 y 18 de los de Ética Profesional, pero no en cuanto al Canon 9 imputado.[5] Por consiguiente, recomendó que

---

[5] Compartimos el razonamiento del Comisionado Especial en cuanto a que la licenciada García Incera no transgredió el Canon 9 de los de Ética Profesional, 4 LPRA Ap. IX, que dispone que todo profesional del Derecho debe observar una conducta que se caracterice por el mayor respeto hacia los tribunales. A la letrada se le imputó infringir dicho canon por no comparecer al señalamiento del 16 de noviembre de 2009. Dicha ausencia de por sí no constituye una conducta de falta de respeto al Tribunal que configure una violación al Canon 9, más cuando esa conducta está subsumida en la infracción al Canon 12, por la cual estamos sancionando a la licenciada García Incera.

la sanción se limitara a ordenar su suspensión inmediata del ejercicio de la abogacía por el término de un (1) mes.

## II

Este Tribunal tiene la responsabilidad, como parte de su poder inherente para regular la profesión legal en Puerto Rico, de asegurar que los miembros admitidos al ejercicio de la abogacía y la notaría desplieguen sus funciones de manera responsable, competente y diligente. En este sentido, el Canon 12 de Ética Profesional le impone al abogado el deber de tramitar las causas con puntualidad y diligencia. *In re Irizarry Vega*, 198 DPR 1066, 1072 (2017). Asimismo, dicho postulado ético impone a los abogados la obligación de ser responsables en la tramitación de los casos que les son encomendados, para evitar que se entorpezca su resolución. *In re Nieves Nieves*, 181 DPR 25, 35 (2011). De acuerdo con ello, este Tribunal ha expuesto que "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción del cliente, son infracciones patentes del Canon 12". *In re Irizarry Vega,* 198 DPR, en la pág. 6. Conforme a ese Canon, los profesionales del derecho deben observar estrictamente las órdenes judiciales, pues de no hacerlo quedarían sujetos a sanciones disciplinarias. *In re Nieves Nieves,* 181 DPR, en la pág. 36.

Por otra parte, el Canon 18 del Código de Ética Profesional dispone que los abogados tienen el deber de "defender los intereses del cliente diligentemente,

desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Por lo cual, "el abogado incurre en una falta al Canon 18 cuando, a pesar de asumir la representación legal de un cliente, demuestra una capacitación inadecuada o presta una atención indebida a la causa encomendada". *In re Roldán González*, 195 DPR 414, 422 (2016). Sobre este deber, hemos indicado que el abogado está obligado a defender diligentemente y dentro del marco ético los derechos e intereses de su cliente. *Id.*, en la pág. 423. Además, requiere un ejercicio de su profesión con celo, cuidado y prudencia. *In re Nazario Díaz*, 198 DPR 793, 805 (2017). Se exige que emplee toda su capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. *In re Cuevas Borrero,* 185 DPR, en la pág. 199.

Es por lo anterior que este Tribunal ha afirmado que "cuando un abogado acepta la encomienda de representar a una persona y no la ejecuta *adecuada y responsablemente,* incumple con este canon". *In re Rivera Nazario,* 193 DPR, en la pág. 582. "Así también hemos sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso, se configura violatoria del citado Canon 18." *In re Nieves Nieves,* 181 DPR, en la pág. 37. Más aún, constituye violación al precitado canon cuando la falta de diligencia ocasiona la pérdida de una causa de acción. *In re Rivera Nazario,* 193 DPR, en la pág. 583.

Después de todo, cuando el abogado es negligente los intereses del cliente son los verdaderamente afectados. Por lo cual, el letrado debe ser diligente, que no es otra cosa que realizar "las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia". S. Steidel Figueroa, *Ética para juristas: Ética del abogado y responsabilidad disciplinaria,* San Juan, Ediciones SITUM, 2016, en la pág. 221. Entre las circunstancias específicas que hemos indicado como falta de diligencia están: **no comparecer a los señalamientos del tribunal; no contestar los interrogatorios sometidos**, no informar a las partes sobre la presentación de un perito; desatender o abandonar el caso; **permitir que expire el término prescriptivo o jurisdiccional de una acción**, o cualquier tipo de actuación negligente que pueda o resulte en la desestimación o archivo del caso. *In re Irizarry Vega,* supra.

**III**

En este caso, se le imputó a la licenciada García Incera infringir los Cánones 9, 12 y 18 del Código de Ética Profesional. Como se adelantó, tras evaluar minuciosamente el escenario fáctico ante nuestra consideración, así como los informes presentados y demás documentos que obran en el expediente, determinamos que ésta transgredió los Cánones 12 y 18, más no el 9.

Un análisis del trámite procesal del caso revela que la falta de diligencia y competencia de la licenciada García

Incera quedó evidenciada al no contestar el interrogatorio enviado por la parte demandada desde el 4 de octubre de 2007, dos (2) años, un mes y doce (12) días aproximadamente hasta la fecha en que se dictó sentencia en el caso. Este proceder ocasionó que se le impusieran $25.00 en concepto de sanciones y se le apercibiera de la desestimación de la reclamación. Aunque dicha sanción eventualmente se eliminó y se le concedió un término adicional para concluir el descubrimiento de prueba, la licenciada García Incera solicitó un nuevo término para contestar el interrogatorio y nueva fecha para la celebración de la vista sobre conferencia con antelación al juicio. Aun cuando el tribunal accedió a dicha solicitud y señaló la vista para el 16 de noviembre de 2009, la letrada tampoco compareció a dicha vista, expresando que fue debido a un error de su parte al anotar el señalamiento en su calendario para una fecha posterior. Un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía violenta el Canon 12, ya que todo abogado tiene la obligación de atender los intereses de sus clientes desplegando la mayor diligencia, celo y cuidado en los asuntos que se le han encomendado. Su desempeño debe ser siempre uno adecuado, responsable, capaz y efectivo.

Del mismo modo, en el desempeño de sus funciones, la licenciada García Incera incurrió en conducta violatoria de los postulados del Canon 18 tras no defender los intereses de su cliente diligentemente, al permitir que la causa de

acción fuera desestimada y por presentar un recurso de apelación fuera del término dispuesto para ello, teniendo como resultado su desestimación. Por todo lo anterior, procedemos a determinar la correspondiente sanción disciplinaria.

**IV**

Como hemos expresado en reiteradas ocasiones, al momento de imponer la sanción disciplinaria a un abogado que haya incurrido en conducta violatoria del Código de Ética Profesional evaluamos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si es su primera falta; (4) si no ha causado perjuicio a alguna parte; (5) la aceptación de la falta y su arrepentimiento sincero; (6) la defensa frívola de su conducta; (7) si se trata de un incidente aislado; (8) si hubo ánimo de lucro, y (9) cualquier otra consideración agravante o atenuante aplicable a los hechos particulares del caso. *In re Sharon Hernández López*, 197 DPR 340 (2017).

Considerando los anteriores factores en su aplicación a los hechos ante nuestra consideración; (1) no existe en récord evidencia de la reputación de la letrada; (2) fue admitida al ejercicio de la abogacía el 26 de junio de 1996 y a la práctica de la notaría el 2 de agosto de 1996 y que en los veinte (20) años de práctica activa ante los tribunales, nunca antes había sido objeto de queja ni procedimiento disciplinario alguno; (3) en ésta, su primera falta, causó perjuicio a su cliente quien fue privado de su

derecho a tener su día en corte y que su caso se adjudicara en sus méritos; (4) la letrada aceptó los hechos, aunque ejerció su derecho a defenderse de la Querella en su contra; (5) no existe evidencia en autos que demuestre que lo sucedido no haya sido una conducta aislada; (6) no surge de los hechos probados que la conducta de la licenciada García Incera hubiese estado motivada por ánimo alguno de lucro.

Aplicados los criterios antes mencionados a los hechos del caso y evaluado el *Informe* presentado por la Procuradora General y el *Informe* del Comisionado Especial, concluimos que es procedente en esta ocasión imponer, como sanción una **censura enérgica** a la licenciada García Incera y se le apercibe que en el futuro debe ceñirse estrictamente a las disposiciones del Código de Ética Profesional, con el señalamiento de que en lo sucesivo seremos más rigurosos de incurrir en nuevas violaciones éticas.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | |
| María Del Pilar García Incera | **Núm.** CP-2016-0012 (TS-11,621) |

SENTENCIA

En San Juan, Puerto Rico, a 8 de marzo de 2019

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, concluimos que es procedente en esta ocasión imponer, como sanción una **censura enérgica** a la licenciada García Incera y se le apercibe que en el futuro debe ceñirse estrictamente a las disposiciones del Código de Ética Profesional, con el señalamiento de que en lo sucesivo seremos más rigurosos de incurrir en nuevas violaciones éticas.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo